UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| PERRY HOPMAN § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action Number: 4:18-cv-00074-KGB |
| § | |
| UNION PACIFIC RAILROAD § | |
|     Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Perry Hopman files his first amended complaint in order to add claims under the Americans with Disabilities Act, as amended. Plaintiff received his EEOC right to sue letter on these claims on January 31, 2018, shortly after filing his Original Complaint.

\* \* \* \* \*

Perry Hopman is a proud military veteran who served his country on the battlefield and returned, as so many veterans do, with Post Traumatic Stress Disorder. This complaint results from his employer's stubborn refusal to provide him the job accommodation he needs.

## PARTIES

1. The plaintiff, Perry Hopman, is an adult individual residing in Benton, Arkansas.

2. The defendant, Union Pacific Railroad ("Union Pacific") is a corporation engaged in interstate commerce employing more than 500 persons who work in several states, primarily engaged in railroad transportation. Union Pacific maintains its corporate headquarters at 1400 Douglas Street, Omaha, NE 68179 and does business within the Eastern District of Arkansas and may be served upon its registered agent for process, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

## JURISDICTION AND VENUE

3. This is an action under Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 et seq. and under the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101 et seq.  Plaintiff, Perry Hopman, seeks declaratory, injunctive and compensatory relief for discrimination on the basis of disability and failure to accommodate as defined by the applicable statutes.

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

5. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, §504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 et seq., and 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADAAA at 42 U.S.C. § 12117(a).

6. The defendant is a covered employer within the meaning of the Rehabilitation Act and the ADAAA because, among other things, it employed the requisite number of employees during the relevant time period.

7. The Plaintiff was discriminated against because of his disability, Post Traumatic Stress Disorder ("PTSD").  Union Pacific also has breached its duty of accommodation.  At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability.

8. At all relevant times, Union Pacific has received federal financial assistance, thereby rendering Section 504 of the Rehabilitation Act applicable to its employment programs and activities.

**STATEMENT OF FACTS**

9. Mr. Hopman has been employed as a locomotive conductor for Union Pacific since May 5th, 2008.

10. Mr. Hopman joined the Army in 1998 as a flight medic, and he served on multiple deployments during his career. He served stateside during the 2005 Katrina disaster. He served in overseas combat deployments in Iraq (2006-2008) and Kosovo (2010). His 18-month deployment in Iraq occurred when wartime casualty rates were at their peak; Mr. Hopman cared for approximately 700 service members and civilian patients during that tour.

11. Due to the many sacrifices he made during his service to our country, Mr. Hopman has Post Traumatic Stress Disorder (PTSD) and mild Traumatic Brain Injury (mTBI). His symptoms include anxiety, flashbacks and panic attacks.

12. On multiple occasions, Mr. Hopman has requested an accommodation from Union Pacific that would help him mitigate the anxiety, flashbacks and panic attacks he suffers as a result of PTSD, so that he may have equal benefits and privileges of employment as are enjoyed by his co-workers without disabilities. His job as a conductor was aboard trains from Little Rock to Monroe, Louisiana and back, and he requested accommodations that would mitigate the effects of the conditions he endures due to his war time service.

13. At all times, Union Pacific denied all of Mr. Hopman's suggestions that would have assisted him continuing on his route, and it made no suggestions at all that would have prevented him from moving to the yard and reducing his pay.

14. Due to Union Pacific's refusal to accommodate Mr. Hopman so that he could continue his regular job, he took a lower paying position in the yard.

15. Union Pacific has not had any in person meetings with Mr. Hopman regarding his requests for accommodation, and it never asked for any information on PTSD or service dogs that would have allowed it to have a good faith interactive discussion of ways to mitigate the effects of PTSD in connection with his route.

16. Union Pacific has asserted that it will not allow a service animal for Mr. Hopman aboard any Union Pacific train.

17. Union Pacific has not conducted an individual assessment of Mr. Hopman's accommodation request, nor has it engaged in an interactive good faith dialogue with him.

**ALLEGATIONS OF DEFENDANT'S VIOLATION OF THE REHABILITATION ACT**

18. Mr. Hopman incorporates by reference all of the above allegations in the Complaint.

19. Mr. Hopman was at all relevant times capable of performing the essential functions of a locomotive conductor's job.

20. Mr. Hopman was discriminated against and denied a reasonable accommodation within the meaning of the Rehabilitation Act.

21. As a result of this conduct, Union Pacific has caused Mr. Hopman the loss of wages and other job benefits and emotional and other harm.

**ALLEGATIONS OF DEFENDANT'S VIOLATION OF THE ADAAA**

22. Mr. Hopman incorporates by reference all of the above allegations in the complaint.

23. Mr. Hopman has an actual disability, PTSD and mTBI.

24. Mr. Hopman was discriminated against and denied a reasonable accommodation, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), (b)(1), (b)(3), (b)(5), and (b)(6).

25. As a result of this conduct, Union Pacific has caused Mr. Hopman the loss of wages and other job benefits and emotional and other harm.

26. Further, because Defendant's actions were of the sort that render the imposition of punitive damages appropriate, the plaintiff is entitled to an award of these damages, which he seeks

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hopman demands: (1) judgment against defendant in an amount to make him whole for all damages suffered by him as a result of defendant's violation of the Rehabilitation Act and ADAAA, including but not limited to damages for back pay and benefits, front pay, compensatory damages, vacation pay, COBRA payments, bonus pay, liquidated damages, exemplary damages and all other damages recoverable under the Rehabilitation Act and ADAAA plus prejudgment and other interest; (2) that this Court enjoin defendant from further violating the Rehabilitation Act and ADAAA; (3) that this Court order defendant to reinstate Mr. Hopman to the position he held when defendant unlawfully refused to accommodate him and all other remedies to make him whole under the Rehabilitation Act and ADAAA; (4) that this Court award Mr. Hopman expert witness fees, attorneys' fees and the cost of bringing this action; and, (5) that this Court grant him all other relief that he is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

 /s/ Gregory Paul
Gregory G. Paul
TX Bar No. 24054974
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Tel. 412-259-8375

Fax. 888-822-9421

/s/ John W. Griffin, Jr.
John W. Griffin, Jr.
TX Bar No. 08460300
Michael J. Neuerburg
TX Bar No. 24075562
MAREK, GRIFFIN & KNAUPP
203 N. Liberty Street
Victoria, Texas 77901
Tel. 361-573-5500
Fax. 361-573-5040

Katherine L. Butler
TX Bar No. 03526300
Paul R. Harris
TX Bar No. 24059905
BUTLER & HARRIS
1007 Heights Boulevard
Houston, Texas 77008
Tel. 713-526-5677
Fax. 888-370-6038

**Counsel for the Plaintiff**