IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| PERRY HOPMAN, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | Case No. 4:18-cv-74-KGB |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Union Pacific Railroad Company ("Union Pacific"), by and through its attorneys of record, pursuant to Federal Rules of Civil Procedure 7(a)(2) and 8(b)(c)(1), and files its Answer and Affirmative Defenses to the Amended Complaint ("Complaint") (ECF No. 4) filed by Plaintiff, Perry Hopman ("Plaintiff"). For its answer Union Pacific states and avers as follows:

1. Union Pacific admits the averments in paragraph 1 of the Complaint.

2. Union Pacific admits that it is a corporation engaged in interstate commerce; that the company employs more than 500 people; that the company's corporate headquarters is located at 1400 Douglas Street, Omaha, NE 68179; that the company does business within the geographic boundaries of the United States District Court for the Eastern District of Arkansas; and that Union Pacific's registered agent in Arkansas is the Corporation Company. Union Pacific is without sufficient information to admit or deny the remaining averments in paragraph 2 and therefore denies the same.

3.      In paragraph 3 of the Complaint, Plaintiff purports to bring an action pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 *et. seq.*  Union Pacific denies that Plaintiff can satisfy the factual requirements needed to maintain suit under these Acts.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  However, to the extent a further response is required; Union Pacific denies the remaining averments in paragraph 5 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required.  However, to the extent a further response is required; Union Pacific denies the remaining averments in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required.  However, to extent a further response is required; Union Pacific denies the remaining averments in paragraph 6 of the Complaint.

7.      Union Pacific denies the averments in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint states a legal conclusion to which no response is required.  However, to the extent a further response is required; Union Pacific denies the remaining averments in paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9.      Union Pacific admits the averments in paragraph 9 of the Complaint.

10.     Union Pacific lacks sufficient information to either admit or deny the averments contained in paragraph 10 of the Complaint and therefore denies the same.

11.     Union Pacific lacks sufficient information to either admit or deny the averments contained in paragraph 11 of the Complaint and therefore denies the same.

12. Union Pacific admits that Plaintiff requested an accommodation on or about April 1, 2016, to bring a service animal to work. Union Pacific admits that Plaintiff made the same request for accommodation on May 9, 2017. Union Pacific lacks sufficient information to either admit or deny the remaining averments contained in paragraph 12 of the Complaint and therefore denies the same.

13. Union Pacific lacks sufficient information to either admit or deny the averments contained in paragraph 13 of the Complaint and therefore denies the same.

14. Union Pacific denies the averments in paragraph 14 of the Complaint.

15. Union Pacific denies the averments in paragraph 15 of the Complaint.

16. Union Pacific admits that it denied his request for an accommodation to bring his Rottweiler to work. Union Pacific denies the remaining averments contained in paragraph 16 of the Complaint and therefore denies the same.

17. Union Pacific denies the averments in paragraph 17 of the Complaint.

18. Union Pacific denies the averments in paragraph 18 of the Complaint.

19. Union Pacific denies the averments in paragraph 19 of the Complaint.

20. Union Pacific denies the averments in paragraph 20 of the Complaint.

21. Union Pacific denies the averments in paragraph 21 of the Complaint.

22. Union Pacific denies the averments in paragraph 22 of the Complaint.

23. Union Pacific denies the averments in paragraph 23 of the Complaint.

24. Union Pacific denies the averments in paragraph 24 of the Complaint.

25. Union Pacific denies the averments in paragraph 25 of the Complaint.

26. Union Pacific denies the averments in paragraph 26 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief and demand for a trial by jury, which require no answers. Insofar as answers may be deemed required, they are denied. Union Pacific denies any and all other averments contained in the Complaint unless otherwise expressly admitted herein.

## AFFIRMATIVE DEFENSES

Union Pacific incorporates by reference it's responses and denials to paragraphs 1-21 of the Complaint.  Union Pacific further states the following new matters constituting its affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by his failure to exhaust administrative remedies and/or comply with the administrative prerequisites to bringing a claim in Court, including filing a timely charge with the United States Equal Employment Opportunity Commission.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability as defined by Section 504 of the Rehabilitation Act or the Americans with Disabilities Act.

## FOURTH AFFIRMATIVE DEFENSE

The accommodations requested by Plaintiff were neither reasonable nor necessary for Plaintiff's alleged disability.

**FIFTH AFFIRMATIVE DEFENSE**

The accommodations requested by Plaintiff would have imposed an undue hardship on Union Pacific's business operations. *See* 29 C.F.R. § 1630.15(d).

**SIXTH AFFIRMATIVE DEFENSE**

The accommodations requested by Plaintiff would have conflicted with provisions of the 49 U.S.C. § 20101 *et seq*. *See* 29 C.F.R. § 1630.15(e).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to properly mitigate his damages, if any.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Union Pacific respectfully requests that the same be dismissed, with Plaintiff responsible for his own costs; Union Pacific to recover the costs and fees from Plaintiff that it expended defending this action; and that the court order such other in further relief as it deems just and proper.

DATED this 13th day of March, 2018.

UNION PACIFIC RAILROAD COMPANY

By: *s/Torry N. Garland*
Torry N. Garland, NE #21624
1400 Douglas Street, M.S. 1580
Omaha, NE 68179
Tel:   402.544.3135
eMail: tngarlan@up.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2018, I filed and served the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregory G. Paul
Morgan & Paul, PLLC
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Tel: 412.259.8375
Email: gregpaul@morgan-paul.com

                                                  *s/Torry N. Garland*
                                                  Torry N. Garland