# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PERRY HOPMAN**                                                                               **PLAINTIFF**

**v.**                                      **Case No. 4:18-cv-00074-KGB**

**UNION PACIFIC RAILROAD**                                       **DEFENDANT**

## AGREED PROTECTIVE ORDER

Before the Court is plaintiff Perry Hopman's motion to enter agreed protective order (Dkt. No. 51). Mr. Hopman represents that the parties have agreed to the draft protective order attached to the motion (Dkt. No. 51-1). Accordingly, the Court grants Mr. Hopman's motion to enter agreed protective order (Dkt. No. 51).

The Court therefore finds as follows:

1. The documents produced by any party in discovery that are designated and labeled as confidential shall be deemed "confidential documents," subject to the terms of this Protective Order.

2. The party receiving such confidential documents or information derived therefrom can only use the documents or information in connection with the preparation and trial of the above-captioned action.

3. The party receiving the confidential documents, or the information derived therefrom, shall not disclose the documents or the information to any natural person, corporation, partnership, firm or association whatsoever, except to:

      a. any counsel who have filed appearances on behalf of a party to the above-captioned action;

b.  employees of such counsel who have direct responsibility for assisting such counsel in the preparation and trial of the above-captioned action;

c.  experts of a party who have direct responsibility for assisting counsel in the preparation and trial of the above-captioned action;

d.  court reporters transcribing depositions in the action;

e.  deponents at the time of a deposition or witnesses before and during the trial;

f.  any jury in the action;

g.  the trial or appellate courts and their respective staffs.

4. After the final determination of this action, including all appeals, all parties subject to this Protective Order shall return to counsel for defendant or plaintiff, as the case may be, the confidential documents produced to them including any copies of the confidential documents.

5. Nothing in this order shall limit any party's ability to offer any material designated as confidential into evidence at any judicial proceeding in this action.

6. No party shall mention this Protective Order or its contents, including any allegation that a party sought confidential documents during discovery or that the responding party resisted any such discovery in front of any jury called for the trial of this case.

So ordered this 19th day of December 2019.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge