**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PERRY HOPMAN**                                                                 **PLAINTIFF**

**v.**                                    **Case No. 4:18-cv-00074-KGB**

**UNION PACIFIC RAILROAD**                                              **DEFENDANT**

**ORDER**

Before the Court is plaintiff Perry Hopman's motion to enforce court order and for costs and supplemental motion to enforce court order and for costs (Dkt. Nos. 50, 63). The parties have submitted extensive briefing related to these two motions (Dkt. Nos. 52, 53, 56, 64, 65, 66). For the following reasons, the Court grants, in part, and denies, in part, Mr. Hopman's motion to enforce court order and for costs and supplemental motion to enforce court order and for costs (Dkt. Nos. 50, 63).

**I.        Background**

On May 15, 2019, the Court entered an order granting, in part, and denying, in part, Mr. Hopman's motion to compel discovery responses of defendant Union Pacific Railroad ("Union Pacific") (Dkt. No. 49). On June 7, 2019, Mr. Hopman moved to enforce court order and for costs due to Union Pacific's alleged failure to comply with that order (Dkt. No. 50, at 1).

Mr. Hopman's motion covers three discrete categories of documents addressed in the Court's May 15, 2019, Order relating to Paul Birchfield, a Union Pacific engineer who used a service dog without incident for several years on Union Pacific's trains (*Id.*). Those three categories are as follows: (1) documents generated during the investigation about Mr. Birchfield's service dog; (2) documents supplied by Mr. Birchfield to Union Pacific regarding his dog; and (3) Mr. Birchfield's log records for the past 10 years (*Id.*, at 1-2). Through recent informal electronic

communication with counsel, the Court has learned that two of these three issues remain unresolved, namely:  (1) the documents generated during the investigation about Mr. Birchfield's service dog and (2) the electronic and paper records for 10 years of Mr. Birchfield's train trips. *See* Court's Exhibit A.  Mr. Hopman claims that these records speak to the reasonableness of the accommodation he seeks and Union Pacific's affirmative defense of undue hardship (Dkt. No. 50, at 3).

Regarding the documents generated during the investigation about Mr. Birchfield's service dog, Union Pacific indicates that it has been working diligently to comply with the Court's Order and notes that the Court did not order compliance by a specific date (Dkt. No. 52, ¶ 4).  Further, Union Pacific states that its engineers, unlike its conductors, do not keep log records; consequently, Union Pacific maintains that there are no responsive documents regarding the electronic and paper records for 10 years of Mr. Birchfield's train trips (*Id.*, ¶ 7).  Union Pacific does stipulate that it could engage in a multi-stage search to find the information sought by Mr. Hopman and outlines what such a search would entail (*Id.*).  First, Mr. Birchfield's Total and Average On Duty Reports for the last 10 years would have to be obtained through an electronic search, which would generate the train ID numbers for the trains on which Mr. Birchfield worked—approximately 120 to 240 train trips annually (*Id.*).[1]  Using these train ID numbers, Union Pacific would then request a Train Crew Report for each individual train trip Mr. Birchfield took over the relevant 10-year period (*Id.*).[2]  A Train Crew Report contains the start date and time; origin; destination; position of each worker passenger; worker ID number; last name, first initial, and, if applicable, second initial of

---

[1]  Union Pacific has provided a sample On Duty Report and attached it as Exhibit B to its response (Dkt. No. 52, at 12-13).

[2]  Union Pacific has provided a sample Train Crew Report and attached it as Exhibit C to its response (Dkt. No. 52, at 14-15).

each worker passenger; and end date and time of each train trip (*Id.*).  A Train Crew Report would not indicate whether Mr. Birchfield's dog was present on any particular trip (Dkt. No. 56, ¶ 7). Union Pacific claims that the burden and expense of this discovery outweighs its likely benefit as this information is neither relevant to any party's claims or defenses and is not proportional to the needs of the case (Dkt. No. 52, ¶ 7).

Additionally, on September 18, 2019, Mr. Hopman filed a supplemental motion to enforce court order and for costs (Dkt. No. 63).   In that motion, Mr. Hopman claims that recently discovered information provides further proof that Union Pacific has failed to comply with the Court's May 15, 2019, Order regarding activity logs or records that disclose the conductors and engineers of Union Pacific's train runs involving Mr. Birchfield (*Id.*, at 1).  Mr. Hopman claims that Union Pacific has published and required "job briefing books" for each train run which must identify the engineer, conductor, train number, origin, destination, and date of each train run (*Id.*).[3] Mr. Hopman asserts that those records are among the documents that would identify the conductors who worked alongside Mr. Birchfield while he was accompanied by his service dog (*Id.*).  Mr. Hopman claims that his counsel has obtained a sample of this kind of log, though Union Pacific has not disclosed that it publishes or utilizes such documents (*Id.*, at 1-3).

In response, Union Pacific states that it is not in possession of any such "job briefing books" (Dkt. No. 64, at 1).  Further, Union Pacific maintains that it does not have, nor has it ever had, any "job briefing books" that demonstrate the identity of Mr. Birchfield's coworkers (*Id.*, at 1-2). These "job briefing books" were solely maintained by the crew, and Union Pacific never required

---

[3]  Mr. Hopman claims that he has secured an image of a "job briefing book" that appears to be a discrete example of some of the documents that Union Pacific requires to completed that depict the conductor and engineer on each train run and that this image can be found at the following URL:  https://www.worthpoint.com/worthopedia/union-pacific-railroad-southern-1894728116 (Dkt. No. 63, at 3 n.1).

crew members to submit complete "job briefing books" nor maintained any such completed "job briefing books" (*Id.*, at 2).   Union Pacific also reiterates the cost it would incur to procure information regarding Mr. Birchfield's train trips and the lack of evidentiary value Union Pacific alleges such records contain (*Id.*, at 3-5).   Union Pacific also includes a declaration of Lena Waterkotte, a paralegal in Union Pacific's Law Department, to provide further support for its contentions (*Id.*, at 8-9).

In his reply, Mr. Hopman denounces Ms. Waterkotte's declaration as "less than candid"; includes a declaration from Mr. Birchfield; attaches a copy of a Union Pacific "job briefing book" Mr. Birchfield prepared as an engineer; and decries Union Pacific's "serious lack of candor" (Dkt. No. 65, at 2-10).   Notably, Mr. Birchfield's declaration insists that "all of the information in the job briefing books is recorded by Union Pacific in its computer systems such that the Federal Railway Administration and Union Pacific can always obtain the names of the personnel aboard all Union Pacific train runs" (*Id.*, at 7).   Mr. Birchfield avers that "[t]hose Union Pacific records are the most accurate and complete records of the conductors who rode with me during the years that Union Pacific allowed me to work with my support dog" (*Id.*).

In its sur-reply, Union Pacific maintains that it possesses no "job briefing books" and affirms that production of the electronic records previously discussed—the On Duty Reports and the Train Crew Reports—would be inappropriate as not proportional and irrelevant (Dkt. No. 66, at 2).   Union Pacific also stresses the consistency of Ms. Waterkotte's declaration; underscores multiple attempts to contact and communicate with Mr. Birchfield; and preemptively objects to further briefing on these issues (*Id.*, at 3-5).

## II.      Discussion

As to the documents generated during the investigation about Mr. Birchfield's service dog, Union Pacific has provided no compelling reason why such documents remain outstanding at this stage of the litigation.  Union Pacific itself stated its anticipation that Ms. Waterkotte would complete her review of any documents that were generated during its investigation of Mr. Birchfield's dog by July 1, 2019 (Dkt. No. 52, ¶ 6).  That date has passed, and the parties have not indicated anywhere in the record why this dimension of the dispute remains unresolved.  Union Pacific has had ample time to comport with the Court's May 15, 2019, Order regarding these documents.  Accordingly, the Court grants Mr. Hopman's motion as it relates to documents generated during the investigation about Mr. Birchfield's service dog and directs Union Pacific to turn over such documents.

However, the Court denies Mr. Hopman's motion as it pertains to the electronic and paper records for 10 years of Mr. Birchfield's train trips.  The Court has reviewed the sample documents provided by the parties, including the Train Crew Report provided by Union Pacific and Mr. Birchfield's "job briefing book" entry provided by Mr. Hopman (Dkt. Nos. 52, at 15; 65, at 9-10).  The Train Crew Report offers little probative value for the questions at issue in this matter as it only provides the start date; start time; origin; destination; position; last name, first initial, and, where applicable, second initial of the worker passengers; end date; and end time of a given train trip (Dkt. No. 52, at 15).  The Train Crew Report offers no indication of whether Mr. Birchfield's service dog was on any given train trip, and the Train Crew Report offers no indication of any issues that may have arisen during any given train trip due to Mr. Birchfield's service dog or some other cause (*Id.*).  Additionally, the copy of Mr. Birchfield's "job briefing book" provided by Mr. Hopman contains no relevant information regarding Mr. Birchfield's dog and does not even

indicate whether Mr. Birchfield's dog accompanied him on the specific trip described in the "job briefing book" (Dkt. No. 65, at 9-10).  Further, nothing Mr. Hopman alleges nor Mr. Birchfield avers counters Union Pacific's assertion that these "job briefing books" were solely maintained by the crew and that Union Pacific does not collect or possess any of these "job briefing books" upon the completion of a trip.  Further, to the extent Mr. Hopman claims these records are necessary to learn the identity of co-workers who accompanied Mr. Birchfield on these trips, Mr. Birchfield has been deposed and likely may be a witness in this case.  It is unclear to the Court why Mr. Birchfield is not a suitable source for this type of information.  Accordingly, the Court denies Mr. Hopman's motion as it pertains to the electronic and paper records for 10 years of Mr. Birchfield's train trips.

### III.    Conclusion

For the above reasons, the Court grants, in part, and denies, in part, Mr. Hopman's motion to enforce court order and for costs and supplemental motion to enforce court order and for costs (Dkt. Nos. 50, 63).  The Court grants Mr. Hopman's motion as it pertains to documents generated during the investigation about Mr. Birchfield's service dog.  The Court denies Mr. Hopman's motion as it pertains to the electronic and paper records for 10 years of Mr. Birchfield's train trips.  Given the Court's rulings on these issues, the Court denies Mr. Hopman's request for an award of costs.

It is so ordered this 28th day of May, 2020.

Kristine G. Baker
United States District Judge

# Exhibit A

| | |
|---|---|
| **From:** | Schoonmaker, Linda |
| **To:** | Kathy Butler |
| **Cc:** | Jared Lax; gregpaul@morgan-paul.com; jwg@lawmgk.com; pharris@eeoc.net; Wadsworth, Brian; tngarlan@up.com; Tracy Washington |
| **Subject:** | Re: Hopman v. Union Pacific, 4:18-cv-00074-KGB |
| **Date:** | Tuesday, February 4, 2020 8:24:54 AM |

We agree those are the only pending issues.

Sent from my iPhone


Linda C. Schoonmaker | Partner | Seyfarth Shaw LLP
700 Milam St. | Suite #1400 | Houston, Texas 77002-2812
Direct: +1-713-860-0083 | Fax: +1-713-821-0656
Board Certified by the Texas Board of Legal Specialization-Labor & Employment Law
My assistant Beverly Maxwell can be reached at (713) 238-1807
lschoonmaker@seyfarth.com | www.seyfarth.com

[https://www.seyfarth.com/dir_docs/publications/Seyfarth_Logo_Signature.png]
_____
The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.
_____

On Feb 3, 2020, at 4:11 PM, Kathy Butler <kathy@butlerharris.com> wrote:


[EXT. Sender]
Mr. Lax – Good afternoon.  I write in response to your inquiry of last Friday.

From the plaintiff's perspective, two of the three issues raised in Dockets 150 to 163 remain unresolved.  Those issues are the (1) the documents generated during the investigation about Paul Birchfield's service dog and (2) the electronic and paper records for 10 years of Mr. Birchfield's train trips.

We attempted to confer with defense counsel after your email on Friday and did so again today, but have received no response.  Thank you.  Kathy and John


From: Jared_Lax@ared.uscourts.gov -- Jared Lax [mailto:Jared_Lax@ared.uscourts.gov]
Sent: Friday, January 31, 2020 4:06 PM
To: gregpaul@morgan-paul.com; jwg@lawmgk.com; Kathy Butler; pharris@eeoc.net; bawadsworth@seyfarth.com; lschoonmaker@seyfarth.com; tngarlan@up.com
Cc: Tracy Washington
Subject: Hopman v. Union Pacific, 4:18-cv-00074-KGB

Counsel:

Good afternoon.  My name is Jared Lax, and I am a law clerk for Judge Kristine G. Baker.

The Court writes regarding plaintiff's motion to enforce court order and for costs and plaintiff's supplemental motion to enforce court order and for costs in the above-captioned case (Dkt. Nos. 50, 63).  The Court has these motions under advisement and inquires into the current status of these pending discovery-related motions.

Have the parties sorted out these discovery issues?  Or are the discovery disputes discussed in these motions and related filings still ripe and in need of resolution?

Please advise.

Jared Lax
Law Clerk to the Honorable Kristine G. Baker
U.S. District Court, Eastern District of Arkansas
500 West Capitol Avenue, Room D444
Little Rock, Arkansas 72201
jared_lax@ared.uscourts.gov<mailto:jared_lax@ared.uscourts.gov>
(501) 604-5423

This email has been scanned by the Symantec Email Security.cloud<https://urldefense.proofpoint.com/v2/url?u=http-3A__Security.cloud&d=DwQFAg&c=fMwtGtbwbi-K_84JbrNh2g&r=Lu2WARISToZPHUg8YbRZc3hKdAQ-Z7-WOdmWanRw9nA&m=6JWve7YzYhJ0WwL3G9TbH1OruOIf6J0ZidjRCKIn2uw&s=wGazVaimBVwvklLTbMzobsVKEDJkcmcElqOrmirL7bQ&e=>
service.
For more information please visit http://www.symanteccloud.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.symanteccloud.com&d=DwQFAg&c=fMwtGtbwbi-K_84JbrNh2g&r=Lu2WARISToZPHUg8YbRZc3hKdAQ-Z7-WOdmWanRw9nA&m=6JWve7YzYhJ0WwL3G9TbH1OruOIf6J0ZidjRCKIn2uw&s=VnlMniejYtubOgvKGUB5qo9PJMe1ZtVCArSWqTFZ2zs&e=>

_____

This email has been scanned by the Symantec Email Security.cloud<https://urldefense.proofpoint.com/v2/url?u=http-3A__Security.cloud&d=DwQFAg&c=fMwtGtbwbi-K_84JbrNh2g&r=Lu2WARISToZPHUg8YbRZc3hKdAQ-Z7-WOdmWanRw9nA&m=6JWve7YzYhJ0WwL3G9TbH1OruOIf6J0ZidjRCKIn2uw&s=wGazVaimBVwvklLTbMzobsVKEDJkcmcElqOrmirL7bQ&e=>
service.
For more information please visit http://www.symanteccloud.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.symanteccloud.com&d=DwQFAg&c=fMwtGtbwbi-K_84JbrNh2g&r=Lu2WARISToZPHUg8YbRZc3hKdAQ-Z7-WOdmWanRw9nA&m=6JWve7YzYhJ0WwL3G9TbH1OruOIf6J0ZidjRCKIn2uw&s=VnlMniejYtubOgvKGUB5qo9PJMe1ZtVCArSWqTFZ2zs&e=>

_____