**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PERRY HOPMAN** **PLAINTIFF**

**v.** **Case No. 4:18-cv-00074-KGB**

**UNION PACIFIC RAILROAD** **DEFENDANT**

**ORDER**

Before the Court is a motion for reconsideration or, in the alternative, certification under 28 U.S.C. § 1292(b) filed by defendant Union Pacific Railroad ("Union Pacific") (Dkt. No. 74). Plaintiff Perry Hopman has filed a response (Dkt. No. 78), and Union Pacific has filed a reply (Dkt. No. 79). Mr. Hopman supplemented his response to advise the Court of a recent First Circuit case supporting his position, and Union Pacific filed a response to the supplement (Dkt. Nos. 88, 89). For the following reasons, the Court denies Union Pacific's motion for reconsideration or, in the alternative, certification under 28 U.S.C. § 1292(b) (Dkt. No. 74).

## I. Background

Mr. Hopman brings this action against Union Pacific under Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. § 794, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Dkt. No. 4, ¶ 3). Mr. Hopman alleges that he was discriminated against and denied a reasonable accommodation in violation of both the Rehabilitation Act and the ADA (*Id.*, ¶¶ 18-26). Mr. Hopman asserts that he needs the requested accommodation of working alongside his service dog in order to enjoy equal benefits and privileges of employment, including the right to work without the burden and pain of his post-traumatic stress disorder ("PTSD") (Dkt. Nos. 4, ¶ 12; 59, at 1, 16-21).

On June 24, 2019, Union Pacific moved for summary judgment in this matter (Dkt. No. 54). Union Pacific argued that as a matter of law Mr. Hopman was unable to demonstrate that he was entitled to a reasonable accommodation or suffered an adverse employment decision and that Union Pacific should have judgment granted in its favor accordingly (Dkt. No. 54-1, at 17-24). Additionally, Union Pacific argued that Mr. Hopman failed to identify any "benefit" or "privilege" of employment that he could not access without an accommodation, further dooming his claims (Dkt. No. 61, at 1-9).

On May 26, 2020, the Court entered an Order denying Union Pacific's motion for summary judgment (Dkt. No. 72). In that Order, the Court considered the text of the Rehabilitation Act, the ADA, and implementing regulations for both; surveyed relevant case law; and reached several conclusions (*Id.*). The Court held that Mr. Hopman was able to bring a reasonable accommodation claim even though he was able to perform the essential functions of his job (*Id.*, at 19-23). The Court also overruled Union Pacific's argument that "Mr. Hopman has not demonstrated that there are any equal benefits or privileges of employment that he is unable to enjoy without an accommodation and that his alleged disability does not prevent him from enjoying anything Union Pacific has to offer" (*Id.*, at 23 (citing Dkt. Nos. 54-1, at 19; 61, at 5-9)). On this point, viewing the record evidence in the light most favorable to Mr. Hopman, the Court concluded that "a reasonable juror could conclude that Mr. Hopman has a disability and requested from Union Pacific a reasonable accommodation to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities" (*Id.*, at 25). The Court also found that a reasonable juror could conclude that Mr. Hopman's requested accommodation seems reasonable on its face and that there were disputed genuine issues of material fact regarding

whether Mr. Hopman suffered a requisite adverse employment action necessary to maintain his claims (*Id.*, at 27).

On June 17, 2020, Union Pacific filed the instant motion (Dkt. No. 74).

## II. Legal Standard

District courts have the inherent power to reconsider an interlocutory order any time prior to the entry of judgment. *See Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992). "When a district court is convinced that it incorrectly decided a legal question in an interlocutory ruling, the district court may correct the decision to avoid later reversal." *Id.* (citing *In re Unioil, Inc.*, 962 F.2d 988, 993 (10th Cir. 1992)). "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). The Eighth Circuit has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)).

Under Rule 60(b), the Court may relieve a party from an order on the narrow grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)); *see also In re Guidant Corp.*

*Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) ("Rule 60(b) authorizes relief in only the most exceptional of cases."); *United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights, Canyo Lake, Comal Cnty., Tex.*, 51 F.3d 117, 119 (8th Cir. 1995) (concluding that a motion to reconsider filed under Rule 60(b) requires the moving party to establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides). "Rule 60(b) is a motion grounded in equity and exists to prevent the [order or] judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). Importantly, a motion to reconsider should not be used "to raise arguments which could have been raised prior to the issuance of" the challenged order or judgment. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988), *cert denied*, 488 U.S. 820 (1988). In particular, as it pertains to Rule 60(b)(6), the Eighth Circuit has provided the following guidance:

> Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). . . . "Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress.

*Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

Furthermore, "[p]ermission to allow interlocutory appeals" pursuant to certification under 28 U.S.C. § 1292(b) "should be granted sparingly and with discrimination." *Union Cty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008). Such "motion[s] for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case

is an exceptional one in which immediate appeal is warranted." *See White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). It has long been the policy of courts to discourage piece-meal appeals because such appeals often result in additional and unnecessary burdens on the court and litigants. *See Union Cty.*, 525 F.3d at 646. Permission to allow an interlocutory appeal is intended to be used only in the extraordinary cases, where resolution of the appeal might avoid protracted and expensive litigation. *Id.* Section 1292(b) interlocutory appeals are not intended merely to provide review of difficult rulings in hard cases. *Id.*

Section 1292(b) establishes three criteria for certification. The Court must be of the opinion that: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. *See White*, 43 F.3d at 377. "Even if the requirements are satisfied, [the Eighth Circuit] may deny appeal for any reason." *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 557 Fed. App'x 618, 619 (8th Cir. 2014) (unpublished) (citing *Union Cty.*, 525 F.3d at 646).

**III.     Discussion**

Union Pacific moves for reconsideration of the Court's Order denying its motion for summary judgment (Dkt. No. 74, ¶¶ 1-2). In the alternative, Union Pacific seeks certification under 28 U.S.C. § 1292(b) allowing Union Pacific to petition the Eighth Circuit for interlocutory review on whether the term "benefits and privileges of employment" is limited to employer-sponsored services, programs, and facilities and, if necessary, whether the ADA requires an employer to accommodate an employee under the "essential functions" prong when the employee is able to perform all of his or her essential job functions without an accommodation (Dkt. Nos. 74, ¶ 3; 75, at 3). Union Pacific argues that the "benefits and privileges of employment" should be properly understood as limited to services, programs, and facilities affirmatively sponsored or
provided by an employer (Dkt. No. 75, 3-8).  Union Pacific maintains that the Equal Employment Opportunity Commission's interpretive guidance confirms that the "benefits and privileges of employment" does not extend beyond employer-sponsored services, programs, or facilities (*Id.*, at 8-9).  Union Pacific also retreads its argument that the ADA does not require an employer to accommodate an employee under the "essential functions" prong when the employee is able to perform all of her essential job functions without an accommodation (*Id.*, at 11-16).  Should the Court deny its motion for reconsideration, Union Pacific requests certification under 28 U.S.C. § 1292(b) (*Id.*, at 16-18).  Union Pacific asserts that its interlocutory appeal would involve controlling questions of law, that the legal questions at issue entail a substantial ground for a difference of opinion, that an immediate appeal may materially advance the ultimate termination of the litigation, and that a short stay of the proceedings would be appropriate in the event that the Court enters a certification under § 1292(b) (*Id.*).

In response, Mr. Hopman argues that the relief Union Pacific seeks is unavailable at this stage of the litigation, particularly to the extent Union Pacific seeks to advance new arguments or legal theories (Dkt. No. 78, at 1-3).  To the extent Union Pacific seeks relief under Rule 59(e), Mr. Hopman maintains that the challenged order is not appealable and is therefore inappropriate for consideration (*Id.*, at 2).  To the extent Union Pacific seeks relief under Rule 60(b), Mr. Hopman maintains that there are no exceptional circumstances justifying Union Pacific's request (*Id.*).  Mr. Hopman also asserts that the "extraordinary relief" § 1292(b) affords should be unavailable in this case (*Id.*, at 2-3, 8).  Additionally, Mr. Hopman asserts that Union Pacific's argument fails on the merits (*Id.*, at 3-8).

In reply, Union Pacific states that the Court has the inherent authority to reconsider its previous orders and that Rule 60(b)(6), which allows relief from an interlocutory order for "any

other reason that justifies relief," applies here (Dkt. No. 79, at 2-3). Union Pacific also maintains that it has not presented any new arguments or legal theories, though Union Pacific does note that its current motion further explores the "benefits or privileges of employment" as a result of having the benefit of the Court's decision and rationale (*Id.*, at 3-4). Union Pacific reiterates its position that the "benefits and privileges of employment" are limited to employee-sponsored services, programs, and facilities, and Union Pacific maintains that the ADA regulations supporting this position cannot be interpreted beyond what their governing texts allow (*Id.*, at 4-7). As to certification, Union Pacific asserts that the legal issues at stake are sufficiently extraordinary to merit the Eighth Circuit's guidance before committing to a potentially wasteful trial and that substantial authority exists to support its position (*Id.*, at 7-8).

**A. Motion For Reconsideration**

Union Pacific states that it moves for reconsideration pursuant to Rule 60(b)(6), which allows relief from an interlocutory order for "any other reason that justifies relief" (Dkt. No. 79, at 2). Fed. R. Civ. P. 60(b)(6). As the Eighth Circuit has noted, Rule 60(b)(6) requires the movant to demonstrate "exceptional circumstances" warranting reconsideration. *Atkinson*, 43 F.3d at 373. The Eighth Circuit cautions that "'[e]xceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at," but "are relevant only where they bar adequate redress." *Id.* In this case, Union Pacific has not demonstrated exceptional circumstances meriting the requested relief under Rule 60(b)(6). Union Pacific's argument boils down to a disagreement with the Court's legal conclusions and understanding of the term "privileges and benefits of employment." The Court considered the factual record, the parties' arguments, and the relevant legal authorities, and the Court concluded that Union Pacific's motion for summary judgment should be denied for the reasons explained in

its May 26, 2020, Order (Dkt. No. 72). Union Pacific has had a "full and fair opportunity to litigate [its] claim," and there have been no "exceptional circumstances" that "have prevented the moving party from receiving adequate redress." *Zoesch*, 413 F.3d at 871 (citing *Atkinson*, 43 F.3d at 373). Additionally, the "usual channels," *In re Zimmerman*, 869 F.2d at 1128, remain available for Union Pacific to argue and vindicate its position—namely, trial and the normal appeals process, if applicable. Thus, at this stage of the litigation, the Court considers Union Pacific's motion for reconsideration unfounded and denies the request for reconsideration sought therein (Dkt. No. 74).

**B. Certification Under 28 U.S.C. § 1292(b)**

The Court reiterates that under Eighth Circuit precedent a district court may certify an order for interlocutory appeal if: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. *See White*, 43 F.3d at 377. Assuming without deciding that Union Pacific has demonstrated that there is substantial ground for difference of opinion, the Court concludes that Union Pacific has failed to satisfy the first and third elements for certification under § 1292(b).

The questions of law Union Pacific addresses in its motion cannot be severed from the contested factual record present in this case. If this case "turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Delock v. Securitas Sec. Servs. USA, Inc.*, 2012 WL 3150391, at *7 (E.D. Ark. Aug. 1, 2012) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)); *see also Adair v. Conagra Foods, Inc.*, No. 09-0018-CV-W-DW, 2012 WL 12903713, at *2 (W.D. Mo. Sept. 11, 2012) (concluding that movant satisfied the first element of the Eighth Circuit's standard for

certification under § 1292(b) because the challenged issue was "a pure question of law"). The case at bar is not such a case. Mr. Hopman's claims against Union Pacific and the evidence before the Court involve genuine disputes of material facts and complicated questions of the ADA's applicability to and governance of the disputed factual issues at hand.

Further, the Court is unconvinced that certification will materially advance the ultimate termination of the litigation. This matter is set for jury trial sometime during the week of September 28, 2020 (Dkt. No. 81). With this case on the cusp of trial, "the ultimate termination of the litigation" looms in just over two months. This action is ready to be tried, and the potential to save resources by avoiding trial is not as great as it would have been earlier in the proceedings. The Court has considered both the costs and the benefits to allowing an interlocutory appeal. *See S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) ("[T]he benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case."). Given the nature and posture of the present action, the Court finds that the action does not fall within the narrow and extraordinary circumstances where certification for interlocutory appeal may be appropriate.

Accordingly, the Court denies Union Pacific's alternative request for certification under §1292(b) (Dkt. No. 74).

**IV. Conclusion**

For the foregoing reasons, the Court denies Union Pacific's motion for reconsideration or, in the alternative, certification under 28 U.S.C. § 1292(b) (Dkt. No. 74).

It is so ordered this 9th day of September, 2020.

Kristine G. Baker
Kristine G. Baker
United States District Judge