UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **PERRY HOPMAN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action Number: 4:18-cv-74-KGB** |
| | § | |
| **UNION PACIFIC RAILROAD** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S MOTION IN LIMINE

The plaintiff, Perry Hopman, requests that the Court enter an order prior to the voir dire

examination of the jury panel that opposing counsel and, through opposing counsel, any and all

witnesses called on behalf of the opposing party, be instructed to refrain from any mention or

interrogation, directly or indirectly, in any manner whatsoever, including the offering of

documentary evidence, concerning any one or more of the matters set forth in this motion.

Hopman also asks the Court to order that, if opposing counsel wishes to propose a theory

of admissibility concerning these matters, he first request a ruling from the court outside the

presence and hearing of all prospective jurors and jurors ultimately selected in this cause.

### I.  The Purpose of the Motion in Limine

The matters set out below would be inadmissible in evidence for any purpose on proper

and timely objection in that they have no bearing on the issues in this case or the rights of the

parties to this suit or, even if relevant, the evidence would confuse the jury or be unfairly

prejudicial to the plaintiff.  Permitting interrogation of witnesses, comments to jurors or to

prospective jurors, or offers of evidence concerning any of the matters set forth below would

unfairly prejudice the plaintiff and/or confuse the jury.  Further, even were the Court to sustain

objections to such questions, statements, or evidence introduced by counsel or witnesses, that alone will not prevent prejudice, but will instead reinforce the development of questionable evidence.

<div align="center">II.</div>

The following matters would not be admissible for any purpose in the cause:

<div align="center">**Unpled Affirmative Defenses**</div>

1. In 2016, Union Pacific denied Hopman's request for accommodation on the grounds that it constituted a "direct threat to health and/or safety." When it came to this litigation, however, it failed to assert this defense. See Answer Doc. 10 at 4-5. The ADA allows an employer to assert that safety risks support a denial of an accommodation, but that is done by pleading and proving the elements of the direct threat affirmative defense. *See EEOC v. Wal-Mart Stores, Inc.,* 477 F.3d 561, 571-72 (8th Cir. 2007). That defense requires that the employer perform an individualized assessment of the best current medical knowledge or objective information to protect the individual with a disability from unfounded fears and stereotypes. *See Id.* Union Pacific, instead of pleading this defense, pled a different defense with different elements: the undue hardship defense, which deals with economic hardship. Hopman has filed a motion to strike what UP calls its "constructive" assertion of this defense, pointing out that it is not timely, and would be futile in any event. UP has, by its tactical decisions, forfeited its right to claim that the proposed accommodation was a threat to the safety of Hopman or others. Accordingly, the Court should deny any testimony or suggestion from UP witnesses that the accommodation could have potentially been a threat to health and/or safety. Union Pacific cannot evade this Court's scheduling order and settled pleading and proof requirements.

**Defense Experts on Safety and Direct Threat**

2.  Similarly, the plaintiff asks that the expert testimony of Patrick Graham and Dr. John Holland be excluded because both of these witnesses hope to testify about safety and direct threat, which is not in this case, and can't be since the elements of the defense have not been met. If the Court determines that the direct threat defense is properly decided by a jury, then UP should comply with this Court's order granting in part and denying in part Hopman's motion to exclude them.

**Testimony about Service Dogs**

3.  Any reference by its witnesses to the safety, efficacy, attributes or rehabilitative facets of Hopman's service dog since Union Pacific has not identified any witness with the expertise or foundation to offer such opinions. Speculation is not evidence, especially in cases where workers with disabilities are concerned. Congress has ruled this out with vigor. All UP has is speculation that service dogs in general might or could cause issues, but no evidence of any individualized assessment of this, and no review of Hopman and his service dog. UP has repeatedly conceded that its "management has decided [that] it is inappropriate to have a dog on railroad property or in the locomotive." It admittedly came to this outcome without any involvement of service dogs experts and without any of the rigors of the direct threat defense. In any event, in the absence of any experts regarding service dogs, training and compliance, UP should be ordered to approach the bench before broaching this topic. FRE 401, 403.

**Witness Testimony**

4.  <u>Exclusion of Witnesses</u>. Any reference or suggestion that there are other witnesses the Union Pacific could have or wished to call to the stand but the Court would not allow it to do so.

3

Defendant's counsel and their witnesses should be instructed not to suggest to the jury, by argument or otherwise, that other witnesses would have been called or what such witnesses would have said. Any such reference would be inadmissible as unfairly prejudicial. FRE 401 and 403.

5. Undisclosed Witnesses. Testimony or other evidence from any witness whom Defendant would purport to call, if Defendant has not timely identified the witness by name and correct address in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Scheduling Order, or pursuant to a discovery request seeking the names of persons with knowledge of relevant facts, or if Defendant has failed to provide expert reports and the information required by Federal Rule of Civil Procedure 26(a)(2)(B). Any such evidence would be inadmissible as unfairly prejudicial. FRE 401 and 403.

6. Witnesses Not Called by the Plaintiff. References that, as to any witnesses available to both parties, the plaintiff did not call particular people to the witness stand to testify. FRE 401, 403.

<div align="center"><strong>Evidence of Good Character of Union Pacific</strong></div>

7. Any generalized references or suggestions that Union Pacific has employed or attempted to employ individuals with disabilities and/or veterans, or that the railroad generally treats such people in a fair manner. The issue in this case is whether Union Pacific honored its legal duty to accommodate Hopman, not whether it has employed other veterans or supports them in some matter. This evidence could only be confusing and highly prejudicial pursuant to F.R.E. 401 and 403.

<div align="center">4</div>

**Evidence Trying to Impugn Hopman's Good Character**

8.  Any reference to any supposed misconduct or misdeeds by Hopman since they were not disclosed by their 30(b)(6) witness and in sworn discovery responses.  Such references are not relevant and would tend to confuse the jury and would in any event be prejudicial.  F.R.E. 401 and 403.

**Prior Claims or Legal Proceedings**

9.  Any reference that Hopman or his wife is or has ever been involved in any other grievance, claim or lawsuit or has settled any claim, including the amount of such settlement, because any such lawsuit or claim is unrelated to the subject of the present action, is irrelevant to the issues of this case and is highly prejudicial to Hopman. F.R.E. 401 and 403.

10. Any mention or reference that Hopman is, or may be, claims-minded or litigious. Any question or statement asking Hopman if either he has ever claimed, testified, or given a deposition (in any matter other than the present matter) or any language that will indicate to the jury that there has ever been a previous claim, lawsuit or lawyers hired, or depositions or testimony in any previous case or claim. F.R.E. 401 and 403.

11. <u>Settlement Discussions</u>.  Any mention or reference to discussions between the parties about resolving this case amicably.  The defendant has already referred to settlement discussions in its motion for summary judgment, and has offered emails regarding settlement discussions regarding potential meetings that a might lead to a final settlement.  These were well after suit was filed, and did not come to fruition.  Although Hopman asserts that UP reneged on its agreement to allow the service dog trainer to attend such a meeting, it does not matter.  Regardless of which party bears the responsibility for the failure of the parties to have a meeting

after suit was filed, the contested facts about this topic are not relevant to any jury issue.  That

UP attempts to create a trial within a trial on whose fault it was that the meeting did not occur

only increases the concern that this will occur at the trial.  Plaintiff proposed a meeting to discuss

resolution.  It did not occur.  This case involved the failure to accommodate in 2017, not the

failure to have a meeting in 2018 after suit was filed.   FRE 408, 401 and 403.

## Fact of Existence of Motion in Limine

12.  That this Motion in Limine has been filed or any ruling by the Court in response

to this Motion in Limine, suggesting or inferring to the jury that Hopman has moved to prohibit

certain matters from being heard by the jurors, or that the Court has excluded certain matters

from the hearing of the jury. F.R.E. 401, 403.

## Damages and Attorneys, Including Their Fees

13.  References to the time or circumstances under which the plaintiff employed his

attorneys, including the fee arrangement between the plaintiff and his lawyers. Because the

attorneys' fees, if any, to which the plaintiff may be entitled should he prevail in this litigation are

handled in a separate hearing after the completion of the trial, the fee arrangement between the

plaintiff and his lawyers has absolutely no relevance to this litigation.  Further, because this

matter is irrelevant to this case for any other purpose, such a reference could be offered for no

reason other than to inflame or prejudice the jury. FRE 401, 403.

14.  Reference to the fact that Hopman's attorneys are from outside Arkansas, as such

would be offered only for an improper purpose – to prejudice the jury against him.  FRE 401 and

403.

**Undisclosed Evidence and Requests of Counsel**

15. Any mention or introduction of evidence to justify its decision about Hopman's requested accommodation that were not in the possession of the defendant at the time the decision was made. The defendant has not pled the affirmative defense of after-acquired evidence. In any event, this evidence was not relied upon in its decision to deny Hopman an accommodation. FRE 401 and 403.

16. Requesting counsel for plaintiff to stipulate to evidence, produce evidence or documents in their file or in the plaintiff's possession while the jury is present, or any attempt to address questions to plaintiff's counsel in front of the jury. FRE 401 and 403.

17. Any attempt to introduce or refer to evidence that contradicts UP's stipulations, discovery responses and Rule 30(b)(6) testimony that has not been properly supplemented. For example, UP has stipulated that the plaintiff's PTSD is an "impairment" and that he is "qualified" within the meaning of the ADA. Likewise, UP's designees on Rule 30(b)((6) (Doerr, Gengler and Weatherford) have stated UP's position on discrete topics. Doerr, for example, testified that UP had no evidence Hopman had failed to mitigate his damages. Doerr Dep. at 178. UP has not supplemented any of this. *See* Notes of the Advisory Committee to Rule 30 (1970). While such testimony may not constitute judicial admissions, such testimony must be timely supplemented before trial if it changes. "[T]he Rule aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case." *Rainey v. American Forest and Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D.D.C. 1998). *See also Function Media LLC v. Google, Inc.*, 2010 WL 276093 (E.D.Tex. 2010), and *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 432-34 (5th Cir. 2006).

**Attempts to Prejudice**

18.  References to the effect that an award of damages to the plaintiff may have an effect (specifically, an adverse effect) on the company, its employees or citizens of this locality and state. Such an assertion (or suggestion) would (a) have no relevance to the decisions the jury is called upon to make; and (b) be inherently prejudicial.  FRE 401, 403.

**Misleading the Jury Regarding the Effect of a Verdict and Equitable Relief**

19.  This Court will, in the event of a verdict for breach of the duty of accommodation, determine the equitable relief to which UP owes Hopman.  UP should be prohibited from arguing or suggesting that its verdict means that UP cannot argue or have input regarding the accommodation protocol that this Court will determine.  All the jury is asked is whether UP breached its duty to accommodate, and what damages flow from this breach.  This Court alone will determine the precise equitable relief to which Hopman is entitled in the event of a plaintiff's verdict in this suit.  *See Slaby v. Holder*, 2013 WL 12314682 (E.D.Va. 2013).

**Hopman's Earnings**

20.  Finally, the plaintiff asks the Court to exclude all references to Hopman's earnings at Union Pacific.  This is not a case seeking lost wages.  Hopman's wages have nothing whatsoever to do with this case.  The only reason for UP to discuss this would be to attempt to prejudice jurors against Hopman because he makes a good living.  FRE 401 and 403.

<div style="margin-left: 45%;">

Respectfully submitted,

John W. Griffin, Jr.
TX Bar No. 08460300
MAREK, GRIFFIN & KNAUPP
203 N. Liberty Street
Victoria, Texas 77901

</div>

Tel. 361-573-5500
Fax. 361-573-5040

Katherine L. Butler
TX Bar No. 03526300
BUTLER & HARRIS
1007 Heights Boulevard
Houston, Texas 77008
Tel. 713-526-5677
Fax. 888-370-6038

Gregory G. Paul
PA Id No. 83334
409 Broad Street, Suite 270
Sewickley, Pennsylvania 15143
Tel. 412-259-8375
Fax. 888-822-9421

Counsel for the Plaintiff

**Certificate of Service**

I certify that a true and correct copy of this document has been served upon the defendant through the electronic filing system of the Eastern District of Arkansas on September 14, 2020.

John W. Griffin, Jr.