**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**PERRY HOPMAN**                                                                                           **PLAINTIFF**

**v.**                                             **Case No. 4:18-cv-00074-KGB**

**UNION PACIFIC RAILROAD**                                                                 **DEFENDANT**

**ORDER**

Plaintiff Perry Hopman alleges that Union Pacific Railroad ("Union Pacific") discriminated against him due to his disability and failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. § 794, *et seq*. A trial in the case is currently scheduled to begin on September 28, 2020. Before the Court is Union Pacific's motion to stay this lawsuit or, in the alternative, continue the trial (Dkt. No. 99). Mr. Hopman has responded to Union Pacific's motion (Dkt. No. 104). The Court conducted a telephonic hearing on pretrial matters on September 18, 2020.

Union Pacific moves to stay this lawsuit or in the alternative continue the September 28, 2020, trial setting "pending review by the Federal Railroad Administration ("FRA") of the accommodation issue raised in this lawsuit . . . " (Dkt. No. 99). Union Pacific states that the FRA is the federal agency responsible for railroad safety, there are currently no rules related to the accommodation request at issue in this lawsuit, and Union Pacific's Chief Safety Officer has "sought guidance and input from the FRA regarding the accommodation request at issue in this lawsuit, but has not yet received a response." (Dkt. No. 99, at 1). Union Pacific contends that "it is likely that the FRA will want to weigh in on the issue," and it seeks a stay of the lawsuit or a continuance to allow the FRA to respond to its request for guidance (*Id*., at 1-2). Mr. Hopman has

responded to the motion (Dkt. No. 104). He points out that Union Pacific does not assert that the FRA has any authority over the service dog accommodation at issue in this case and merely speculates that FRA will "want to weigh in." (*Id*., at 1). Mr. Hopman also points to the deposition testimony of Rodney Doerr, Union Pacific's Director of Safety, who testified that the FRA is silent on prohibiting the use of service dogs aboard trains (*Id*.). Mr. Hopman attaches email correspondence that he had with a representative of the FRA in 2018 when he contacted it to ask whether there were any rules or regulations in favor or against utilizing service animals while aboard a locomotive (*Id*., at 2). The representative replied, "FRA does not have any regulatory authority over this type of situation." (*Id*., at 2). Finally, Mr. Hopman asserts that the motion is dilatory and filed for an improper purpose (*Id*., at 2-3).

The Court finds that it is speculative to assume that the FRA has any authority over the accommodation issue in this lawsuit especially given its response to Mr. Hopman in 2018. Aside from its statement in the filing, there is nothing in the record from Union Pacific to indicate when Union Pacific sought such guidance from the FRA or with whom at the FRA it has corresponded about this matter. Importantly, the case has been pending for two and a half years, and Union Pacific has had ample opportunity prior to the eve of trial to seek guidance from the FRA. For these reasons, the Court denies Union Pacific's motion to stay or in the alternative continue the trial (Dkt. No. 99).

Consistent with the terms of this Order, the Court denies Union Pacific's motion to stay this lawsuit or, in the alternative, continue the September 28, 2020, trial setting (Dkt. No. 99).

So ordered this 23rd day of September, 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge

2