# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**PERRY HOPMAN**                                                                  **PLAINTIFF**

**v.**                                    **Case No. 4:18-cv-00074-KGB**

**UNION PACIFIC RAILROAD**                                                        **DEFENDANT**

## ORDER

Plaintiff Perry Hopman alleges that defendant Union Pacific Railroad ("Union Pacific")

discriminated against him due to his disability and failed to accommodate his disability in violation

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of

the Rehabilitation Act, as amended, 29 U.S.C. § 794, *et seq.* Before the Court are Union Pacific's

motion *in limine*; Mr. Hopman's motion *in limine*; Union Pacific's objections to Mr. Hopman's

deposition designations; and Mr. Hopman's objections to Union Pacific's deposition designations

(Dkt. Nos. 100, 102, 106, 107). Mr. Hopman has responded to Union Pacific's motion *in limine*

and has responded to Union Pacific's objections to his deposition designations (Dkt. Nos. 120,

121). Union Pacific has responded to Mr. Hopman's motion *in limine* and has responded to Mr.

Hopman's objections to its deposition designations (Dkt. Nos. 123, 124).

As to those matters about which the Court grants an *in limine* motion to either party, all

parties, their counsel, and witnesses are directed to refrain from making any mention through

interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly

or indirectly, concerning the matters about which the Court grants an *in limine* motion, without

first approaching the bench and obtaining a ruling from the Court outside the presence of all

prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are

required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

## I. Union Pacific's Motion *In Limine*

### A. Unopposed Matters

Mr. Hopman does not contest several matters raised in Union Pacific's motion *in limine*. As to these unopposed matters, the Court grants Union Pacific's motion *in limine* on these unopposed matters. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

#### 1. Defense Counsel

Mr. Hopman does not oppose Union Pacific's motion to exclude evidence or argument regarding Union Pacific's counsel. (Dkt. Nos. 100-1, ¶ 1; 121, ¶ 1).

#### 2. Relative Size Or Financial Condition Of Parties

Mr. Hopman does not oppose Union Pacific's motion to exclude evidence or argument regarding the relative wealth, financial condition, power, or size of Union Pacific compared to that of Mr. Hopman (Dkt. Nos. 100-1, ¶ 2; 121, ¶ 2).

#### 3. Topics In September 9, 2020 Order

Mr. Hopman does not oppose Union Pacific's motion to exclude evidence or argument regarding any topic that the Court ordered subject to a motion *in limine* in its September 9, 2020, Order (Dkt. Nos. 100-1, ¶ 8; 121, ¶ 8; 93).

The Court rules as follows on Union Pacific's remaining specific requests.

### B.  Union Pacific's Net Worth

Union Pacific moves to exclude *in limine* any references to its financial size, net worth, or earnings. It claims that testimony or argument on these matters is irrelevant and calculated to prejudice unfairly Union Pacific (Dkt. No. 100-1, ¶ 3). Mr. Hopman contends that Union Pacific's net worth, size, and financial strength are relevant to both punitive damages and the affirmative defense of undue hardship (Dkt. No. 121, ¶ 3 (citing Fed. R. Evid. 401, 403 and 8th Circuit Pattern Jury Instructions 9.60 and 9.72)).

The Court finds evidence related to Union Pacific's financial size, net worth, and earnings is relevant to both the affirmative defense of undue hardship and to punitive damages and that its probative value outweighs any prejudicial effect. *See* Fed. R. Evid. 401, 403. The Court denies Union Pacific's motion to exclude *in limine* any references to its financial size, net worth, or earnings (Dkt. No. 100-1, ¶ 3).

### C.  Other Claims, Lawsuits, Or Investigations Against Union Pacific

Union Pacific asks the Court to exclude *in limine* any references to any other claims, lawsuits, investigations, alleged federal law violations other than the federal law at issue in this lawsuit, billings or collections issues or verdicts involving Union Pacific, its employees, or its counsel on the grounds that such information is irrelevant or would confuse or mislead the jury and unfairly prejudice Union Pacific (*Id.*, ¶ 4 (citing Fed. R. Evid. 401, 402, 403, 404(b))). Mr. Hopman argues that part of the evidence in this case is that Paul Birchfield used successfully a service dog until Union Pacific summarily prohibited him from working with his service dog and that such evidence is relevant to rebut Union Pacific's claims about "dogs and training" as well as relevant to Union Pacific's "failure to conduct an individualized assessment." (Dkt. No. 121, ¶¶ 4-

5 (citing Fed. R. Evid. 401, 403, 404(b))).[1] Mr. Hopman also asserts that this evidence is relevant to contradict Union Pacific's defense of undue hardship and to support Mr. Hopman's request for punitive damages (*Id.* (citing 8th Cir. Pattern Jury Instructions 9.60 and 9.72)). Finally, Mr. Hopman argues that the "court confirmed the relevance of this evidence by citing it in its order denying summary judgment." (*Id.*).

The Court finds that evidence of Mr. Birchfield's experience working on a locomotive with his therapy dog for many years to mitigate his anxiety and the circumstances of Union Pacific's decision not to allow Mr. Birchfield to continue bringing his therapy dog, Jack, to work are relevant to Mr. Hopman's claim and the defenses Union Pacific intends to assert. The Court denies Union Pacific's motion *in limine* to exclude evidence of any claims, lawsuits, and investigations brought by or involving Mr. Birchfield related to bringing his therapy dog to work at Union Pacific.

Without having a description of any other evidence subject to this motion or the context in which any other such evidence may be introduced, save and except for the evidence related to Mr. Birchfield, the Court precludes all other such evidence prior to trial under Rules 401, 402, 403, and 404 of the Federal Rules of Evidence. The parties are directed to refrain from referring to any other evidence or testimony, other than the specific evidence and testimony related to Mr. Birchfield, in opening statements and to approach the bench before introducing or eliciting such other evidence or testimony for any purpose.

---

[1] After Union Pacific filed its motion *in limine* and Mr. Hopman filed his response, the Court denied Union Pacific's motion to amend its answer to plead the affirmative defense of direct threat and granted Mr. Hopman's motion to strike (Dkt. No. 133). Because the Court rejected Union Pacific's attempt to raise belatedly the affirmative defense of direct threat, the issue of whether Union Pacific conducted an individualized assessment is no longer an issue in the case, and any testimony related to whether Union Pacific conducted an individualized assessment is not relevant. *See* Fed. R. Evid. 401.

### D. Accommodation Of Or Failure To Accommodate Other Employees

Union Pacific asks the Court to exclude *in limine* any references or argument as to whether Union Pacific accommodated, or failed to accommodate, any other employees on the grounds that such information is irrelevant or would confuse or mislead the jury and unfairly prejudice Union Pacific (Dkt. No. 100-1, ¶ 5 (citing Fed. R. Evid. 401, 402, 403, 404(b))). Mr. Hopman argues that part of the evidence in this case is that Mr. Birchfield used successfully a service dog until Union Pacific summarily prohibited him from working with his service dog and that such evidence is relevant to rebut Union Pacific's claims about "dogs and training as well as its U[nion] P[acific's] failure to conduct an individualized assessment"[2] (Dkt. No. 121, ¶¶ 4-5 (citing Fed. R. Evid. 401, 403, 404(b))). Mr. Hopman also asserts that this evidence is relevant to contradict Union Pacific's defense of undue hardship and to support his request for punitive damages (*Id.* (citing 8th Cir. Pattern Jury Instructions 9.60 and 9.72)). Finally, Mr. Hopman argues that the "court confirmed the relevance of this evidence by citing it in its order denying summary judgment." (*Id.*).

The Court finds that the evidence regarding Mr. Birchfield's use of a service dog while an employee of Union Pacific is relevant, among other reasons, to rebut Union Pacific's claims about the training necessary for a service dog to accompany an employee, whether Mr. Hopman's requested accommodation to be accompanied by his service dog at work was reasonable, whether the requested accommodation posed an undue burden on Union Pacific, whether Union Pacific had an interactive process, whether it followed the process in good faith, and whether punitive damages are appropriate. Accordingly, the Court will not preclude this line of questioning under Rules 401, 402, 403, or 404 of the Federal Rules of Evidence.

---

[2] *See* FN 1.

Without having a description of any other evidence subject to this motion or the context in which any other such evidence may be introduced, save and except for the evidence related to Mr. Birchfield, the Court precludes all other such evidence prior to trial under Rules 401, 402, 403, and 404 of the Federal Rules of Evidence. The parties are directed to refrain from referring to any other evidence or testimony, other than the specific evidence and testimony related to Mr. Birchfield, in opening statements and to approach the bench before introducing or eliciting such other evidence or testimony for any purpose.

### E. Other Employers Permitting Employees To Bring Service Dogs To Work

Union Pacific asks the Court to exclude *in limine* any references or argument as to whether other employers who are not Union Pacific permit or have permitted their employees to bring service dogs to work on the grounds that such information is irrelevant or would confuse or mislead the jury and unfairly prejudice Union Pacific (Dkt. No. 100-1, ¶ 6 (citing Fed. R. Evid. 401, 402, 403, 404(b))).

Mr. Hopman argues that "[t]he fact that service dogs work well in other jobs" rebuts Union Pacific's claims regarding the reasonableness of the accommodation requested by Mr. Hopman (Dkt. No. 121, ¶ 6). Mr. Hopman asserts that this information was available to Union Pacific during the accommodation process and was ignored; that it is also relevant to "undue hardship and punitive damages"; and that "experts will testify that service dogs are trained and are successful in many jobs, including transportation jobs." (*Id.*).

The Court finds that evidence regarding other employers permitting employees to use a service dog may be relevant to rebut Union Pacific's affirmative defense of undue hardship and to support Mr. Hopman's claim of punitive damages. The Court denies Union Pacific's motion *in*

*limine* to exclude such evidence prior to trial under Rules 401, 402, 403, or 404 of the Federal Rules of Evidence.

### F. Establishing Witnesses As Experts

As the Court understands Union Pacific's motion, Union Pacific asks the Court to exclude any reference to a witness as an expert witness or to a witness's area of expertise prior to that witness being qualified as an expert witness during questioning and testimony on the grounds that such speculation about a witness's qualifications, without the proper foundation, would prevent Union Pacific from receiving a fair trial and would confuse the issues, mislead the jury, and unfairly prejudice Union Pacific (Dkt. No. 100-1, ¶ 7 (citing Fed. R. Evid. 401, 402, 403, 404(b))). Mr. Hopman objects that this "contradicts the Court's trial procedures" and states that Jordyn Miller and Lesa Doan are fact witnesses in addition to being expert witnesses (Dkt. No. 121, ¶ 7 (citing Fed. R. Evid. 401, 403)).

The Court denies Union Pacific's request. Union Pacific filed no motions pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude Mr. Hopman's proposed expert witnesses. Further, the Court set forth its trial procedures in a separate memorandum regarding civil jury trials. Counsel are to qualify their witnesses as expert witnesses in certain areas through questioning and then may proceed to ask questions of the witness appropriate for qualified experts; the Court's preference is not to recognize expert witnesses. The other side may request to *voir dire* the witness to challenge the witness's qualifications, may object to the line of questioning, may object to the scope of the inquiry, or may proceed in any other manner appropriate under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Court will rule on contemporaneous objections at trial.

## II.     Mr. Hopman's Motion *In Limine*

### A.     Unopposed Matters

Mr. Hopman generally moves to exclude evidence that he claims is inadmissible "for any purpose" because it has "no bearing on the issues in this case or the rights of the parties to this suit or, even if relevant, the evidence would confuse the jury or be unfairly prejudicial to the plaintiff." (Dkt. No.  102, at 1).  Mr. Hopman continues to make specific objections to evidence and testimony (Dkt. No.  102, at 2-8).  Union Pacific responds generally and objects to Mr. Hopman raising issues regarding expert testimony that the Court has "already decided in prior rulings" and "unfavorable evidence on matters that he has put at issue in the lawsuit, such as Union Pacific's treatment of veterans and whether Union Pacific would meet with him to further discuss his accommodation request." (Dkt. No.  124, at 1).  The Court will address in this Order the specific requests made by Mr. Hopman in his motion.

Union Pacific does not oppose Mr. Hopman's motion *in limine* related to several matters. Accordingly, as to these unopposed matters, the Court grants Mr. Hopman's motion *in limine* on these topics.  All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

### 1.     Exclusion Of Witnesses

Mr. Hopman requests that the Court prohibit any reference or suggestion that there are other witnesses that Union Pacific could have or wished to call to the stand to testify during trial

but that the Court would not allow (Dkt. No. 102, ¶ 4). Union Pacific does not contest this request (Dkt. No. 124, at 2). The Court grants Mr. Hopman's request in this regard.

### 2. Undisclosed Witnesses

Mr. Hopman requests that the Court prohibit any testimony, evidence, or argument from any witness whom Union Pacific would purport to call, if Union Pacific did not timely identify the witness as appropriate and as required by the Federal Rules of Evidence and this Court's Orders (Dkt. No. 102, ¶ 5). Union Pacific does not contest this request (Dkt. No. 124, at 2). The Court grants Mr. Hopman's request.

### 3. Witnesses Not Called By Mr. Hopman

Mr. Hopman requests that the Court prohibit any testimony, evidence, or argument that witnesses were available to both parties but not called by Mr. Hopman to testify (Dkt. No. 102, ¶ 6). Union Pacific agrees to this request (Dkt. No. 124, at 2). The Court grants Mr. Hopman's request.

### 4. Prior Claims Or Legal Proceedings

Mr. Hopman requests that the Court prohibit any testimony, evidence, or argument that Mr. Hopman or his wife have ever been involved in any other grievance, claim, or lawsuit or have settled any claim, including the amount of such settlement, because Mr. Hopman contends that any such lawsuit or claim is unrelated to the subject of the present action, is irrelevant to the issues of this case, and is prejudicial to Mr. Hopman (Dkt. No. 102, ¶ 9). Mr. Hopman also requests that the Court prohibit any mention or reference that Mr. Hopman is, or may be, claims-minded or litigious (*Id.*, ¶ 9). He specifically seeks to exclude any question or statement asking Mr. Hopman if he has ever claimed, testified, or given a deposition in any matter other than the present matter or any language that would indicate to the jury that there has ever been a previous claim, lawsuit

or lawyers hired, or deposition testimony in any previous case or claim (*Id.*). Union Pacific does not contest these requests made by Mr. Hopman (Dkt. No. 124, at 2). The Court grants Mr. Hopman's requests in this regard.

### 5. Filing Of Motion *In Limine*

Mr. Hopman moves the Court to exclude testimony, evidence, and argument that the motion *in limine* was filed or about any ruling by the Court in response to his motion *in limine*, suggesting or inferring to the jury that Mr. Hopman has moved to prohibit certain matters from being heard by the jurors or that the Court has excluded certain matters from the hearing of the jury (Dkt. No. 102, ¶ 12). Union Pacific agrees (Dkt. No. 124, at 3). The Court grants Mr. Hopman's request.

### 6. Reference To Mr. Hopman's Attorneys

Mr. Hopman seeks to exclude reference to the fact that Mr. Hopman's attorneys are from outside of Arkansas (Dkt. No. 102, ¶ 14). Union Pacific agrees to this request (Dkt. No. 124, at 3), and the Court grants this request.

### 7. Requests To Stipulate To Or To Produce Evidence

Mr. Hopman requests that the Court prohibit Union Pacific from seeking to have Mr. Hopman's counsel stipulate to evidence, produce evidence or documents from their file, or produce evidence or documents in Mr. Hopman's possession while the jury is present or make any attempt to address questions to Mr. Hopman's counsel in front of the jury (Dkt. No. 102, ¶ 16). Union Pacific does not contest this request (Dkt. No. 124, at 3), and the Court grants the request.

### 8. Referring To Effect Of Damages Award

Mr. Hopman moves to exclude references to the effect that an award of damages to Mr. Hopman may have on Union Pacific, its employees, or citizens of this locality and state. According

to Mr. Hopman, such an assertion would have no relevance to the decisions the jury is called upon to make and would be prejudicial (Dkt. No. 102, ¶ 18). Union Pacific agrees to Mr. Hopman's request (Dkt. No. 124, at 3). The Court grants the request.

The Court rules as follows on Mr. Hopman's remaining specific requests raised in his motion i*n limine*.

### B.    Unpled Affirmative Defenses

Mr. Hopman asks the Court to exclude any testimony or suggestion from Union Pacific witnesses that the accommodation Mr. Hopman seeks could have potentially been a threat to health and/or safety (Dkt. No. 102, ¶ 1). Union Pacific responds by pointing to the arguments that it raised in its motion to amend its answer and response to Mr. Hopman's motion to strike the unpled affirmative defense of direct threat (Dkt. No. 124, at 3). After Mr. Hopman filed his motion, the Court denied Union Pacific's motion to amend its answer to plead the affirmative defense of direct threat and granted Mr. Hopman's motion to strike (Dkt. No. 133).

The Court grants Mr. Hopman's motion *in limine* as to the unpled affirmative defense of direct threat. Evidence, testimony, and argument regarding the unpled affirmative defense of direct threat is excluded. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

To the extent Mr. Hopman objects to testimony, evidence, and argument regarding safety generally, not specifically the unpled affirmative defense of direct threat, the Court denies Mr. Hopman's motion. The Court will rule on contemporaneous objections at trial.

## C. Defense Experts On Safety And Direct Threat

Mr. Hopman moves to exclude the testimony of Union Pacific's expert witness Patrick Graham *in limine* because he asserts that Mr. Graham will testify about safety and direct threat, which Mr. Hopman contends are irrelevant because these issues are not in this case (Dkt. No. 102, ¶ 2).[3] Union Pacific responds that the Court decided this matter in its earlier Order granting in part and denying in part Mr. Hopman's motion to exclude Mr. Graham's testimony (Dkt. No. 124, at 3).

Mr. Hopman previously moved to exclude Mr. Graham from testifying under Federal Rule of Evidence 702, and the Court ruled on that challenge (Dkt. Nos. 76; 93). Here, Mr. Hopman moves to exclude Mr. Graham's testimony about safety and direct threat on the grounds that such testimony would be irrelevant under Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 102). As part of an earlier Order, the Court granted Mr. Hopman's *in limine* motion against Union Pacific's safety expert Mr. Graham's anticipated testimony about medical issues and service dogs, including by way of example but not limited to the incidence of allergic reactions to dogs among employees, Atlas's training, how a service dog could be expected to react in a railroad environment, and how Mr. Hopman could be expected to interact with a service dog on the job because, based on the record before the Court, Mr. Graham's anticipated testimony on these topics would be speculative (Dkt. No. 93, at 8).

---

[3] Mr. Hopman also moved *in limine* to exclude the testimony of Dr. Holland, but the Court understands that Union Pacific has withdrawn Dr. Holland from its witness list in this case.

After Mr. Hopman filed his motion, the Court denied Union Pacific's motion to amend its answer to plead the affirmative defense of direct threat (Dkt. No. 133). Because the Court denied Union Pacific's motion to amend its answer to plead the affirmative defense of direct threat, matters related to direct threat are no longer an issue in the case. Therefore, the Court grants Mr. Hopman's motion to exclude Mr. Graham's testimony on topics related to direct threat. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

To the extent Mr. Hopman objects to testimony, evidence, and argument regarding safety generally, not specifically the unpled affirmative defense of direct threat, the Court denies Mr. Hopman's motion. The Court will rule on contemporaneous objections at trial.

### D.     Testimony About Service Dogs

Mr. Hopman moves *in limine* to exclude any reference by Union Pacific's witnesses to the safety, efficacy, attributes, or rehabilitative facets of Mr. Hopman's service dog under Federal Rules of Evidence 401 and 403 (Dkt. No. 102, ¶ 3). Mr. Hopman argues that Union Pacific has not identified any witness with the expertise or foundation to offer such opinions (*Id.*). Union Pacific responds that the parties previously briefed these issues and that the Court decided this matter in an earlier Order granting in part and denying in part Mr. Hopman's motion to exclude

the testimony of Mr. Graham (Dkt. No. 124, at 4).[4] The Court granted an *in limine* motion under Federal Rule of Evidence 702, ruling that Mr. Graham may not offer expert testimony about service dogs (Dkt. No. 93, at 8).

After Mr. Hopman filed his motion, the Court denied Union Pacific's motion to amend its answer to plead the affirmative defense of direct threat (Dkt. No. 133). Because the Court denied Union Pacific's motion to amend its answer to plead the affirmative defense of direct threat, matters related to direct threat are no longer an issue in the case. Therefore, the Court grants Mr. Hopman's motion to exclude Mr. Graham's testimony on topics related to the unpled affirmative defense of direct threat.

All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

To the extent Mr. Hopman objects to other testimony, evidence, and argument offered by Union Pacific regarding the safety, efficacy, attributes, or rehabilitative facets of Mr. Hopman's service dog, the Court denies Mr. Hopman's motion. The Court will rule on contemporaneous objections at trial.

---

[4] When briefing this issue, the parties also address the anticipated testimony of Dr. Holland, but the Court understands that Union Pacific has withdrawn Dr. Holland from its witness list in this case.

### E. Evidence Of Union Pacific's Good Character

Mr. Hopman moves *in limine* to exclude "[a]ny generalized references or suggestions that Union Pacific has employed or attempted to employ individuals with disabilities and/or veterans, or that the railroad generally treats such people in a fair manner." (Dkt. No. 102, ¶ 7). Mr. Hopman claims that such testimony would be outside the issue presented in this case which, in his view, is whether Union Pacific honored its legal duty to accommodate Mr. Hopman. Mr. Hopman contends that this evidence would only be confusing to the jury and highly prejudicial pursuant to Federal Rules of Evidence 401 and 403.

Union Pacific argues that Mr. Hopman intends to rely on his service medals and Army service at trial, and Union Pacific contends that "[t]o the extent Hopman is entitled to rely on his Army service in advancing his case, Union Pacific should be entitled to demonstrate that it hires and supports veterans." (Dkt. No. 124, at 4). Union Pacific objects to Mr. Hopman relying on what it contends is "prejudicial evidence" of his Army service, on grounds that such evidence "'could only be confusing and highly prejudicial pursuant to F.R.E. 401 and 403.'" (*Id.*, at 5). Union Pacific asks that, to the extent Mr. Hopman is permitted to "rely on such evidence, Union Pacific is equally entitled to demonstrate that it supports veterans." (*Id.*).

The Court denies the motion *in limine* filed by Mr. Hopman and denies the motion raised by Union Pacific in its response. The Court will rule on contemporaneous objections to such testimony, evidence, and argument at the time of trial.

### F. Evidence Of Mr. Hopman's Good Character

Mr. Hopman moves to exclude Union Pacific from referencing any supposed misconduct or misdeeds by Mr. Hopman because its witnesses, sworn discovery responses, and the testimony of Union Pacific's Federal Rule of Civil Procedure 30(b)(6) witnesses did not disclose any misconduct or misdeeds on the part of Mr. Hopman. Mr. Hopman argues that such testimony

would be irrelevant, would tend to confuse the jury, and would in any event be prejudicial (Dkt. No. 102, ¶ 8 (citing Fed. R. Evid. 401 and 403)). Union Pacific objects to the request arguing that the phrase "misconduct or misdeeds" is "vague and ambiguous." (Dkt. No. 124, at 5). Union Pacific agrees, however, to exclude testimony regarding any "*work-related* misconduct or misdeeds *contained in Union Pacific's disciplinary records*." (*Id.*).

Mr. Hopman's *in limine* motion is granted, given that Union Pacific does not appear to contest that its witnesses, sworn discovery responses, and the testimony of Union Pacific's Rule 30(b)(6) witnesses did not disclose any misconduct or misdeeds on the part of Mr. Hopman. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

### G.     Settlement Discussions

Mr. Hopman moves to exclude *in limine* any mention or reference to discussions between the parties about resolving this case amicably. Mr. Hopman points out that Union Pacific referred to settlement discussions in its motion for summary judgment and put in the record emails regarding settlement discussions and a potential meeting in mid-2018 that might have led to a final settlement that did not come to fruition. Union Pacific argues that Mr. Hopman, "cloaks a planned meeting between the parties in 2018 as 'settlement discussions' to keep out this unfavorable evidence." (Dkt. No. 124, at 5). Union Pacific argues that it is entitled to put into evidence the

2018 meeting to counter Mr. Hopman's attack that Union Pacific did not meet directly with Mr. Hopman.

The Court found in its Order denying Union Pacific's motion to amend and granting Mr. Hopman's motion to strike that the 2018 meeting "cannot serve as an attempt by Union Pacific to conduct an individualized assessment of Mr. Hopman's accommodation request because Union Pacific did not propose such a meeting until well after it made its decision to deny the accommodation and months after Mr. Hopman filed this lawsuit in January 2018." (Dkt. No. 133, at 12).

The Court grants Mr. Hopman's motion *in limine* to exclude testimony regarding settlement discussions and the meeting in mid-2018. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

## H.    Damages And Attorneys, Including Their Fees

Mr. Hopman moves to exclude testimony or references to the time or circumstances under which Mr. Hopman employed his attorneys, including the fee arrangement between Mr. Hopman and his lawyers (Dkt. No. 102, ¶ 13 (citing Fed. R. Evid. 401, 403)). Union Pacific agrees that excluding "the fee arrangement issue is appropriate," but Union Pacific argues that evidence about the circumstances under which Mr. Hopman hired his attorneys is relevant to his "intentions during the accommodation process." (Dkt. No. 124, at 5). Union Pacific argues that Mr. Hopman's

accommodation request "constantly mutated" and that it should be "permitted to demonstrate when Hopman retained an attorney to allow the jury to determine if Hopman was genuine during the interactive process or instead, aiming solely to engage in litigation with Union Pacific." (Dkt. No. 124, at 6).

The Court finds, based on the information before it at this time, that testimony, evidence, and argument regarding the circumstances under which Mr. Hopman employed his attorneys is likely to be confusing to the jury and that the probative value of such testimony, if any, is substantially outweighed by the potential for unfair prejudice, confusing the issues, and misleading the jury, among other considerations. *See* Fed. R. Evid. 402, 403. Mr. Hopman's motion *in limine* is granted on this topic. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

## I.    Undisclosed Evidence And Requests Of Counsel

Mr. Hopman asks the Court to exclude "any mention or introduction of evidence to justify its decision about Hopman's requested accommodation that were not in the possession of the defendant at the time the decision was made." (Dkt. No. 102, ¶ 15). He asserts that Union Pacific has not pled the affirmative defense of after-acquired evidence, and this evidence was not relied upon when Union Pacific decided to deny Mr. Hopman's requested accommodation (*Id.* (citing Fed. R. Evid. 401, 403)). Union Pacific argues that Mr. Hopman "seeks to exclude this evidence

because he changed his story regarding the reasons he needed a service animal after Union Pacific denied him the accommodation." (Dkt. No. 124, at 6 (citing Dkt Nos. 54, 55)).

The Court finds that evidence that Union Pacific acquired after it denied Mr. Hopman his requested accommodation is not relevant to justify its decision to deny the requested accommodation and that the danger of jury confusion and unfair prejudice from such evidence outweighs its probative value, if any. *See* Fed. R. Evid. 401, 403. The Court grants Mr. Hopman's motion *in limine* to exclude such after-acquired evidence. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

Mr. Hopman also moves to exclude *in limine* stipulations, discovery responses, and Rule 30(b)(6) testimony that has not been properly supplemented. *See* Fed. R. Civ. P. 30. Union Pacific argues that Mr. Hopman's request is "too vague and subjective." (Dkt. No. 124, at 6). Union Pacific claims that Mr. Hopman has "improperly claimed numerous times in this lawsuit that Union Pacific has 'contradicted' its prior assertions when the evidence clearly demonstrated to the contrary." (*Id.*, (citing Dkt. No. 66, at 3-4)). Union Pacific anticipates that Mr. Hopman "will claim arguments unfavorable to his position are 'contradictory,' when, in fact, they are not," and it asserts that any contradiction should be handled by cross-examination (*Id.*, at 6-7).

The Court grants Mr. Hopman's motion *in limine* with respect to stipulations, written discovery responses, and Rule 30(b)(6) deposition testimony provided by designated witnesses on

properly noticed Rule 30(b)(6) topics. Union Pacific is prohibited *in limine* from presenting testimony, evidence, or argument that contradicts Union Pacific's stipulations, written discovery responses, and Rule 30(b)(6) deposition testimony provided by designated witnesses on properly noticed Rule 30(b)(6) topics to the extent the stipulations, discovery responses, and deposition testimony have not been properly supplemented as required. In this Court's view, specifically in regard to Rule 30(b)(6) deposition testimony provided by designated witnesses on properly noticed Rule 30(b)(6) topics, "some extraordinary explanation must be required before a corporation is allowed to retreat from binding admissions in the testimony of its Rule 30(b)(6) designee." *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, 304 (N.D. Iowa 2013) (internal citation omitted). All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

### J. Misleading The Jury Regarding The Effect Of A Verdict and Equitable Relief

Mr. Hopman states that, in the event of a verdict for breach of the duty of accommodation, the Court will "determine the equitable relief" which Union Pacific owes to Mr. Hopman (Dkt. No. 102, ¶ 19). In his motion *in limine*, Mr. Hopman moves to prohibit Union Pacific from arguing or suggesting that a jury verdict means that Union Pacific "cannot argue or have input regarding the accommodation protocol that this Court will determine" because "[t]his Court alone will determine the precise equitable relief to which Hopman is entitled in the event of a plaintiff's verdict" (Dkt. No. 102, ¶ 19 (citing *See Slaby v. Holder*, 2013 WL 12314682 (E.D. Va. 2013)).

Union Pacific argues the motion *in limine* is "vague and ambiguous." (Dkt. No. 124, at 7). Further, Union Pacific asserts that it is "entitled to argue that granting Hopman's accommodation would result in a safety risk that could not be otherwise ameliorated and that Union Pacific may be required to permit this accommodation despite its best (and expert) judgment." (*Id.*).

The Court finds that Union Pacific is entitled to present evidence and argument at trial related to affirmative defenses, if properly pled and raised, but not as to the unpled affirmative defense of direct threat because Union Pacific did not assert timely the direct threat affirmative defense. The Court grants Mr. Hopman's motion *in limine* to the extent it is directed at testimony, evidence, and argument related to the unpled affirmative defense of direct threat. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter

### K.      Mr. Hopman's Earnings

Mr. Hopman asks the Court to exclude all references to Mr. Hopman's earnings at Union Pacific (Dkt. No. 102, ¶ 20 (citing Fed. R. Evid. 401, 403)). He argues that his case is not one seeking lost wages. He asserts that his wages have nothing to do with the case and that he would be prejudiced by the Court permitting Union Pacific to discuss his earnings (*Id.*).

Union Pacific argues that the records demonstrate that Mr. Hopman has "not only been able to perform the essential functions of his job without an accommodation, but he has performed well." (Dkt. No. 124, at 7). Union Pacific also argues the evidence of Mr. Hopman's wages helps

Union Pacific counter Mr. Hopman's claims that he has been mistreated by Union Pacific (*Id.*). Finally, Union Pacific asserts that Mr. Hopman has put the costs related to his service dog at issue and that it has the "right to counter this assertion by demonstrating that Hopman had the means to afford the service animal by virtue of his employment with Union Pacific." (*Id.*).

The Court has not been presented with or viewed any compensation records the parties may offer into evidence in this matter. Based on the information before the Court at this time, the Court grants Mr. Hopman's motion *in limine* with respect to his earnings. Whatever slight probative value testimony, evidence, and argument about Mr. Hopman's earnings may have under Federal Rule of Evidence 401 is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury under Federal Rule of Evidence 403. All parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning these matters without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

### III.    Union Pacific's Objections To Mr. Hopman's Deposition Designations

#### A.    General Objection

Union Pacific moves to exclude the entirety of Mr. Hopman's reliance on the depositions of Bruce Bombeck, Rodney Doerr, and Jay Everett because the designations were provided after the Court's deadline.[5] After Union Pacific filed its objections to Mr. Hopman's deposition

---

[5] Counsel for Union Pacific references an Exhibit in support of her assertion that Mr. Hopman's designations were provided after the Court's deadline, but there are no attachments to Union Pacific's objections in the Court's record (Dkt. No. 106).

designations, the Court removed the case from the Court's trial calendar for the week of September 28, 2020 (Dkt. No. 135). The Court, by separate Order, set a new deadline for the parties to designate the pertinent portions of a deposition to be used as evidence at trial (Dkt. No. 141, ¶ 7). Mr. Hopman's deposition designations were provided well before the June 21, 2021, deadline set forth in the Court's third amended final scheduling Order. Accordingly, the Court denies as moot Union Pacific's motion to exclude the entirety of Mr. Hopman's reliance on the designated deposition testimony of Mr. Bombeck, Mr. Doerr, and Mr. Everett on this ground.

### B. Paul Birchfield Objections[6]

Union Pacific objects to much of Mr. Birchfield's testimony arguing that Mr. Birchfield's experience working with his therapy dog, Jack, is not relevant, that such information has no tendency to make the existence of any material fact more or less probable than it would be without the evidence, and that it would prevent Union Pacific from receiving a fair trial (Dkt. No. 106, at 1-10 (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). The Court finds Mr. Birchfield's experience working on a locomotive with his therapy dog for many years to mitigate his anxiety and the circumstances of Union Pacific's decision not to allow Mr. Birchfield to continue bringing Jack to work is relevant to Mr. Hopman's claim and Union Pacific's defenses, including but not limited to whether Mr. Hopman's requested accommodation to be accompanied by his service dog at work was reasonable, whether the requested accommodation posed an undue burden on Union Pacific, whether Union Pacific had an interactive process, whether it followed the process in good faith, and whether punitive damages are appropriate.

---

[6] Mr. Hopman has elected to withdraw page 42, line 9 through page 43, line 19 and page 56, lines 7 through 25 of Mr. Birchfield's deposition testimony (Dkt. No. 120, ¶ 6).

The Court overrules Union Pacific's objections on relevance grounds to Mr. Birchfield's deposition testimony at page 35, line 11 to page 36, line 4; page 43, line 20 to page 44, line 3; page 50, line 3 to page 51, line 6; page 51, line 17 to page 52, line 35; page 57, line 2 to page 57, line 4; page 57, line 11 to page 57, line 22; page 59, line 11 to page 60, line 2; page 61, line three to page 61, line 20; page 63, line 15 to page 63, line 23; page 64, line two to page 64, line five (Dkt. No. 106, at 3-10). *See* Fed. R. Evid. 401, 402, 403. Further, having reviewed the record before it, the Court rejects Union Pacific's assertion under Federal Rule of Evidence 403 and determines that the relevance of the challenged testimony is not substantially outweighed by Rule 403 considerations. With respect to Union Pacific's claim that Mr. Birchfield's dog is an emotional support animal, not a trained service animal, that issue if it exists goes to the weight of such testimony, not its admissibility.

Union Pacific objects to Mr. Birchfield's testimony on grounds that Mr. Birchfield has no personal knowledge about what other individuals thought or felt regarding whether Jack ever distracted anybody (Birchfield Dep., at 23:17-18; 23:24-24:2) and regarding whether Jack was ever distracted and did anything inappropriate because of noise going on around him (Dkt. No. 106, at 1-2 (citing Fed. R. Evid. 602; Fed R. Civ. P. 32(b), (d)(3); Fed R. Evid. 401, 402, and 403)). The Court overrules the objections. Mr. Birchfield's testimony is based on his personal experience and observations working on a locomotive around others with his therapy dog and is relevant to Mr. Hopman's claim and Union Pacific's defenses, including but not limited to whether Mr. Hopman's requested accommodation to be accompanied by his service dog at work was reasonable, whether the requested accommodation posed an undue burden on Union Pacific, whether Union Pacific had an interactive process, whether it followed the process in good faith, and whether punitive damages are appropriate. The Court rejects Union Pacific's assertion under

Federal Rule of Evidence 403 and determines that the relevance of this testimony is not substantially outweighed by Rule 403 considerations.

Union Pacific objects to questioning during Mr. Birchfield's deposition (Birchfield Dep., at 30:14-30:21) regarding whether his supervisors and coworkers were supportive of him working with his therapy dog (Dkt. No. 106, at 2). Union Pacific argues that Mr. Birchfield had no personal knowledge about what other individuals thought or felt (Dkt. No. 106, at 2 (citing Fed. R. Evid. 602; Fed. R. Civ. P. 32(b), (d)(3)). The Court sustains the objection.

Union Pacific argues that Mr. Birchfield has no expertise or personal knowledge to testify whether his therapy dog compromised the safety of the railroad or, in his opinion, increased the safety of the railroad (Birchfield Dep., at 37:6-37:16; 45:14-45:20) (Dkt. No. 106, at 3-5). The Court overrules the objection. Mr. Birchfield's testimony is based on his personal experience and observation working at Union Pacific on a locomotive around others with his therapy dog, and his testimony may assist the trier of fact in determining whether Mr. Hopman's requested accommodation was reasonable and whether the requested accommodation posed an undue burden on Union Pacific. *See* Fed. R. Evid. 701.

Mr. Birchfield testified from his personal knowledge watching Jack that he did not observe any hardship created on anybody from having Jack at work (Birchfield Dep., at 60:11-60:15). Union Pacific argues Mr. Birchfield has no personal knowledge regarding whether Jack caused a hardship on someone else and would only know if someone told him (Dkt. No. 106, at 8 (citing Fed. R. Evid. 602; Fed. R. Civ. P. 32(b), (d)(3))). Union Pacific also argues that this testimony improperly reaches a legal conclusion (Dkt. No. 106, at 9-10 (citing Fed. R. Evid. 403)). The Court overrules the objection. Mr. Birchfield's testimony is based on his personal experience and observation working at Union Pacific on a locomotive around others with his therapy dog, and his

testimony about whether his therapy dog caused hardship to others is relevant to Mr. Hopman's claim and Union Pacific's defenses.

### C. Bruce Bombeck Objections

Union Pacific objects to much of Mr. Bombeck's testimony arguing that Mr. Bombeck's experience working with Union Pacific's K-9 team is irrelevant, that such information has no tendency to make the existence of any material fact more or less probable than it would be without the evidence, and that admitting this testimony would prevent Union Pacific from receiving a fair trial (Dkt. No. 106, at 10-14) (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). The Court finds Mr. Bombeck's experience working on Union Pacific's K-9 team is relevant to Mr. Hopman's claim and Union Pacific's defenses, including but not limited to whether Mr. Hopman's requested accommodation was reasonable, whether the requested accommodation posed an undue burden on Union Pacific, and whether punitive damages are appropriate. The Court overrules Union Pacific's objections to the relevance of Mr. Bombeck's deposition testimony at page 14, line 18 to page 15, line six; page 28, line three to page 29, line one; page 30, line 2 to page 31, line two; page 61, line 25 to page 62, line eight; page 63, line four to page 64, line 13; page 68, line 23 to page 69, line 21; and page 70, line 18 to page 71, line four.

Union Pacific's objection to Mr. Bombeck's testimony about farm dogs is sustained (Bombeck Dep., at 13:20-14:17) (Dkt. No. 106, at 10).

Union Pacific objects to Mr. Bombeck's testimony about a Union Pacific video (Bombeck Dep., at 52:23-53:2) (Dkt. No. 106, at 12). The objection is sustained because Mr. Bombeck later in his deposition states that he does not have personal knowledge to answer the question (Dkt. No. 106, at 12). *See* Fed. R. Civ. P. 602.

Union Pacific objects to Mr. Bombeck's testimony that Union Pacific's K-9 program is a "good program." (Dkt. No. 106, at 14). Union Pacific does not make a specific objection with respect to this testimony but states generally that "any such testimony would only confuse the issues, mislead the jury, and unfairly prejudice Union Pacific." (*Id.* (citing Fed. R. Evid. 403). The Court overrules the objection. The Court finds that the probative value of Mr. Bombeck's testimony is not substantially outweighed by the danger that the testimony would confuse the issues, mislead the jury, and unfairly prejudice Union Pacific. *See* Fed. R. Evid. 403.

### D.     Objections To Rodney Doerr's Testimony[7]

Mr. Hopman's counsel has informed Union Pacific and the Court of his intention to offer Mr. Doerr's videotaped testimony during Mr. Hopman's case-in-chief even though Mr. Doerr will be present at trial (Dkt. No. 148, at 6). Mr. Hopman's counsel states that Union Pacific has advised that it will object to the presentation of his video testimony because it is making Mr. Doerr available in person. The Court overrules Union Pacific's objection.

Union Pacific offered Mr. Doerr for deposition under Federal Rule of Civil Procedure 30(b)(6) to testify on behalf of the corporation. Federal Rule of Civil Procedure 32(a)(3) addresses the use of a Rule 30(b)(6) deposition, and states: "An *adverse* party may use *for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3) (emphasis added). Pursuant to Federal Rule of Civil Procedure 32(a)(3), the Court will permit Mr. Hopman to present Mr. Doerr's video deposition testimony for any purpose at trial. *See Estate of Thompson v. Kawasaki Heavy Industries, Ltd.*, 291 F.R.D. 297, 301-306 (N.D. Ia. 2013) (collecting and

---

[7] Mr. Hopman has elected to withdraw page 23, line 10 through page 26, line 4; page 163, line 24 through page 165, line 10, and page 259, line 18 through page 261, line 3 of Mr. Doerr's deposition testimony (Dkt. No. 120, ¶ 6).

analyzing cases and concluding that the plaintiff was permitted to use the videotaped deposition of a Rule 30(b)(6) witness during its case in chief in spite of the witness being available to testify live at trial); *see also e.g. Northern Ins. Co. of N.Y. v. Albin Mfg., Inc.,* C.A. No. 06–190–S, 2008 WL 3285852, *3 n. 4 (D. R.I. 2008) (Rule 32(a)(3) is "to be liberally construed, and though the court 'has discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand, [ ] it may not refuse to allow the deposition to be used merely because the party is available to testify in person") (citation omitted); *SanDisk Corp. v. Kingston Tech. Co., Inc.,* 863 F.Supp.2d 815, 817–18 (W.D. Wis. 2012) (overruling both sides' objections to the submission of deposition testimony in a bench trial from any individual who was not unavailable to testify in person within the meaning of Rule 32 or who testified live at the trial because the court concluded "these individuals were officers and designees under Fed. R. Civ. P. 30(b)(6), which means that under Rule 32(a)(3) an adverse party may use their deposition testimony for any purpose, regardless of their availability" (citing *Fey v. Walston & Co., Inc.,* 493 F.2d 1036, 1046 (7th Cir. 1974))). Further, as explained, in this Court's view, "some extraordinary explanation must be required before a corporation is allowed to retreat from binding admissions in the testimony of its Rule 30(b)(6) designee." *Kawasaki Heavy Indus.,* 291 F.R.D. at 304.

Union Pacific objects to Mr. Doerr's testimony that Union Pacific calls its data on Union Pacific's experience with dogs "incident data." (Dkt. No. 106, at 15-16). Union Pacific argues that the testimony is irrelevant and that it would confuse the issues, mislead the jury, and unfairly prejudice Union Pacific (Dkt. No. 106, at 15-16 (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). The Court finds the testimony is relevant and not unduly prejudicial; the Court overrules Union Pacific's objections to Mr. Doerr's testimony at page 26, line five through line seven.

Union Pacific also objects to Mr. Doerr's testimony regarding Union Pacific's K-9 team, arguing that Union Pacific's K-9 team is irrelevant, that the testimony has no tendency to make the existence of any material fact more or less probable than it would be without the evidence, and that the testimony would prevent Union Pacific from receiving a fair trial (Dkt. No. 106, at 16-17 (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). The Court finds that Union Pacific's K-9 team is relevant and not unduly prejudicial. The Court overrules Union Pacific's objections to Mr. Doerr's testimony at page 49, line eight through page 50, line one.

Union Pacific objects to Mr. Hopman introducing counsel's questioning of Mr. Doerr at page 74, line 10 through page 74, line 14 as irrelevant because, according to Union Pacific, Mr. Doerr never answered the question (Dkt. No. 106, at 17 (citing Fed. R. Evid. 401, 402, 403)). The Court reviewed the testimony, and Mr. Doerr never answered the question. The objection to this testimony is sustained.

Union Pacific objects to Mr. Doerr's testimony about legal issues (Doerr Dep., at 104:8-105:17; 113:25-114:24; 115:2-9; 115:12-116:3; 116:22-117:3). Union Pacific argues the testimony is irrelevant and would confuse the issues, mislead the jury, and unfairly prejudice Union Pacific (Dkt. No. 106, at 17-18). The Court overrules the objection because Mr. Doerr is Union Pacific's designated Rule 30(b)(6) witness who may testify about Union Pacific's understanding of its obligations and policies.

Union Pacific argues that Mr. Doerr's testimony regarding Mr. Birchfield's experience bringing his therapy dog to work is irrelevant (Dkt. No. 106, at 20-21). The Court finds Mr. Birchfield's experience working on a locomotive with his therapy dog to mitigate his anxiety for several years and the circumstances of Union Pacific's decision not to allow Mr. Birchfield to continue bringing Jack to work is relevant to Mr. Hopman's claim and Union Pacific's defenses,

including but not limited to whether Mr. Hopman's requested accommodation to be accompanied by his service dog at work was reasonable, whether the requested accommodation posed an undue burden on Union Pacific, whether Union Pacific had an interactive process, whether it followed the process in good faith, and whether punitive damages are appropriate. The Court overrules Union Pacific's objections to Mr. Doerr's testimony on this topic (Doerr Dep., at 135:4-135:13 and 143:7-143:10).

Union Pacific objects to Mr. Doerr's testimony regarding Mr. Hopman's mitigation of damages as irrelevant (Dkt. No. 106, at 22 (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). The parties have since stipulated that, "[t]here is no evidence of plaintiff's failure to mitigate his damages." (Dkt. No. 118). Accordingly, the Court denies as moot Union Pacific's objection to this testimony (Doerr Dep., at 178:20-179:6), with the understanding that this designated testimony will not be offered into evidence. If the Court's understanding of the parties' position on this is incorrect, either party may seek clarification of this ruling from the Court.

Union Pacific moves to exclude Mr. Doerr's testimony regarding its sixth affirmative defense alleging the proposed accommodation conflicts with provisions of 49 U.S.C. § 2101 *et seq.* (Doerr Dep., at 248:23-249:16) arguing the testimony is irrelevant (Dkt. No. 106, at 22-23 (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). The Court overrules the objection because Mr. Doerr is Union Pacific's designated Rule 30(b)(6) witness who may testify about Union Pacific's understanding of its obligations and policies.

### E.    Jay Everett Objections[8]

Union Pacific objects to Mr. Hopman's designation of testimony regarding deposition procedures arguing that it is not relevant and has no tendency to make the existence of any material fact more or less probable and may confuse or mislead the jury or unfairly prejudice Union Pacific (Dkt. No. 106, at 23-24 (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)).  The Court finds that the designated testimony is not relevant (Everett Dep., at 16:20-17:12).  The objection is sustained.  Similarly, Union Pacific objects to the relevance of Mr. Everett's testimony asking if he could ask his lawyer about whether he viewed a document in preparation for his deposition.  The Court finds that the designated testimony is not relevant and sustains Union Pacific's objection (Everett Dep., at 42:3-42:15).

Union Pacific argues that Mr. Everett's testimony regarding Mr. Birchfield bringing his therapy dog to work is irrelevant.  The Court finds Mr. Birchfield's experience working on a locomotive with his therapy dog to mitigate his anxiety for several years and the circumstances of Union Pacific's decision not to allow Mr. Birchfield to continue bringing Jack to work is relevant to Mr. Hopman's claim and Union Pacific's defenses, including but not limited to whether Mr. Hopman's requested accommodation to be accompanied by his service dog at work was reasonable, whether the requested accommodation posed an undue burden on Union Pacific, whether Union Pacific had an interactive process, whether it followed the process in good faith, and whether punitive damages are appropriate.  The Court overrules Union Pacific's objections to the testimony on this topic (Everett Dep., at 63:17-63:23, 70:5-70:7, 70:10-70:13).

---

[8] Counsel for Union Pacific notified the Court by electronic mail that it was withdrawing its objections to the following Everett deposition designations made by Mr. Hopman: page 39, line one through page 39, line six; page 62, line 21 through page 63, line one; page 108, lines seven through 15; page 109, lines four through 11. *See* Court's Exhibit No. 1.

Union Pacific objects to Mr. Everett's testimony about an email exchange between Mr. Hopman and Mr. Storlie and his impression of that email as being kind and empathetic or helpful and an email from Astuto to Lopez, Anderson, and Fritz that removed "Chad and Perry" from the email as irrelevant (Dkt. No. 106, at 26-27) (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). Given the status of the record before the Court, the Court understands that Mr. Hopman did not respond to this objection (Dkt. No. 120, ¶ 2). As a result, the Court sustains the objection.

Union Pacific objects on relevance grounds to Mr. Everett's testimony regarding the number of emails he receives, whether he reads the emails he receives, whether he would read an email from Mr. Doerr (Everett Dep., at 90:22-90:24, 91:6-21), and whether he had ever heard anything from coworkers negative about Mr. Hopman (Everett Dep., at 108:7-9) (Dkt. No. 106 at 27 (citing Fed. R. Civ. P. 32(b), (d)(3); Fed. R. Evid. 401, 402, 403)). The Court finds the testimony is relevant to Mr. Hopman's claim and Union Pacific's defenses, including but not limited to the information Mr. Everett considered before deciding whether to grant Mr. Hopman's requested accommodation, whether the requested accommodation posed an undue burden on Union Pacific, whether Union Pacific had an interactive process, whether it followed the process in good faith, and whether punitive damages are appropriate.

### F.    Debra Gengler Objections[9]

Union Pacific objects to Mr. Hopman's designation of an exchange between counsel at Ms. Gengler's deposition regarding a stipulation that Mr. Hopman has an impairment, which is post-traumatic stress disorder (Gengler Dep., at 16:18-17:2) (Dkt. No. 106, at 28). Mr. Hopman agrees

---

[9] Counsel for Union Pacific notified the Court that it is withdrawing its objection to Ms. Gengler's testimony regarding Mr. Hopman's post-traumatic stress disorder because of a stipulation of the parties (Gengler Dep., at 16:18-17:2) (Dkt. No. 120 at 5).

and withdraws the designation (Dkt. No. 120, at 5). Accordingly, the Court denies as moot Union Pacific's objection to the designation, with the understanding that this designated testimony will not be offered into evidence by Mr. Hopman.

Union Pacific also objects to Ms. Gengler's testimony that she was designated to testify about Union Pacific's assessment of Mr. Hopman and Atlas individually as to how the dog was certified, what his qualities were, and any potential concerns (Dkt. No. 106, at 29). Union Pacific argues the testimony is Mr. Hopman's counsel's testimony rather than Ms. Gengler's and moves to exclude it because it would potentially mislead the jury and unfairly prejudice Union Pacific (Dkt. No. 106, at 29 (citing Fed. R. Evid. 403). The Court finds the testimony is probative to understanding Ms. Gengler's Federal Rule of Civil Procedure 30(b)(6) designation, and its probative value outweighs any potential prejudice. *See* Fed. R. Evid. 403.

## IV. Mr. Hopman's Objections To Union Pacific's Deposition Designations

### A. General Objection

In his objections to Union Pacific's deposition proffers, Mr. Hopman generally objects to Union Pacific presenting testimony by deposition of "three of its own employees," Dr. John Holland, Greg Thompson, and Pauline Weatherford (Dkt. Nos. 94, at 7; 107, at 1).[10] Mr. Hopman argues that Union Pacific has not established that these witnesses are "unavailable" to testify at trial under Federal Rule of Civil Procedure 32(a)(4) (*Id.*, at 1). In response to questions from the Court at a recent status conference, Union Pacific stated that it did not know which witnesses it intends to call to testify "live" at the trial. Accordingly, the Court will address Mr. Hopman's general objection (Dkt. No. 107 at 1).

---

[10] Mr. Hopman also moved to exclude the testimony by deposition of Dr. Holland, but the Court understands that Union Pacific has withdrawn Dr. Holland from its witness list in this case.

Federal Rule of Civil Procedure 32(a)(4) provides:

> **(4)** ***Unavailable Witness.*** A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>> **(A)** that the witness is dead;
>> **(B)** that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>> **(C)** that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>> **(D)** that the party offering the deposition could not procure the witness's attendance by subpoena; or
>> **(E)** on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.

Fed. R. Civ. P. 32. Rule 32(a)(4)(B) gives the Court discretion to admit deposition testimony of a witness when the witness is more than 100 miles away from the place of the trial or when the witness cannot attend trial because of age, illness, infirmity, or impairment. *Fletcher v. Tomlinson*, 895 F.3d 1010, 1020 (8th Cir. 2018) (allowing deposition testimony of physician expert because he was more than 100 miles away from trial and the party offering his testimony did not procure his absence).

Union Pacific argues that Mr. Thompson lives and works in Wichita, Kansas, which is more than 400 miles from Little Rock, Arkansas (Dkt. No. 123, at 2-3). Accordingly, the Court overrules Mr. Hopman's objection to Union Pacific presenting Mr. Thompson's testimony by deposition should it choose to do so. *See* Fed. R. Civ. P. 32. Rule 32(a)(4)(B).

It is unclear to the Court based on the record before it on what grounds under Rule 32(a)(4) Union Pacific is seeking to offer Ms. Weatherford's testimony by deposition, rather than live at trial. The Court grants Mr. Hopman's motion to exclude the deposition testimony of Ms.

Weatherford without prejudice to Union Pacific filing a motion to establish Ms. Weatherford's unavailability at trial under Federal Rule of Civil Procedure 32(a)(4).[11]

**B.    Specific Objections To Mr. Thompson's Deposition Testimony**

Remaining before the Court are Mr. Hopman's specific objections to Mr. Thompson's deposition testimony (Thompson Dep., at 47:3-25, 48:1-21, 50:15-24; 53:6-21; 54:14-19; 55:8-19) on grounds that the testimony contains inadmissible hearsay (Dkt. No. 107, at 2 (citing Fed. R. Evid. 802)). Union Pacific responds that Mr. Thompson's personal accounts of what he saw and heard are not hearsay, and the Court should deny the remainder of Mr. Hopman's objections because they are "so vague that they do not constitute a recognizable objection nor do they even provide Union Pacific an opportunity to meaningfully respond." (Dkt. No. 123 at 3).    The Court has reviewed the portions of Mr. Thompson's testimony to which Mr. Hopman specifically objects and rules that the following testimony is excluded as hearsay:  page 47 at line 12 after the word "was" through line 20; page 48 at lines nine through 14 through the word "no"; page 50 at lines 15 through 18; and page 55 at lines eight through 19.

**V.    Conclusion**

Consistent with the terms of this Order, the Court grants in part and denies in part the pending motions and sustains in part and overrules in part the pending objections to designated deposition testimony.

---

[11]    The Court will not rule on Mr. Hopman's objections related to Ms. Weatherford's testimony in this Order.  At the time Union Pacific responded to Mr. Hopman's objections to its deposition proffers, Union Pacific did not respond to the objections because it intended to call Ms. Weatherford live and, consequently, the objections are not ripe for decision (Dkt. No. 123, at 1). If Union Pacific moves to present Ms. Weatherford's testimony by deposition and establishes to the Court's satisfaction that she is an unavailable witness, then Mr. Hopman may, if he chooses, renew his objections to Union Pacific's deposition designations for Ms. Weatherford (Dkt. No. 107, at 2-3).

So ordered this 30th day of June, 2021.

Kristine G. Baker
United States District Judge

| From: | Wadsworth, Brian |
|---|---|
| To: | "John W. Griffin"; Debra Williams; Kathy Butler; Schoonmaker, Linda; Tracy Washington |
| Cc: | Carty, Robert J.; tngarlan@up.com; Lena A. Waterkotte; becca@lawmgk.com; Judy Nelson (judy@lawmgk.com) |
| Subject: | RE: Hopman v. Union Pacific |
| Date: | Wednesday, September 23, 2020 10:10:41 AM |

Good morning,

Please note that after a conference between the Parties, Union Pacific withdraws the following objections to the Everett deposition designations made by plaintiff:

Page 39, lines 1-6-objection removed
Page 62, line 21-page 63, line 1-objection removed
Page 108, lines 7-15-objection removed
Page 109, lines 4-11-objection removed

v/r,
Brian

**Brian A. Wadsworth** | Associate | Seyfarth Shaw LLP
700 Milam St. | Suite #1400 | Houston, Texas 77002-2812
Direct: +1-713-238-1806 | Mobile: +1-832-585-4253 | Fax: +1-713-821-0647
bawadsworth@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** John W. Griffin <jwg@lawmgk.com>
**Sent:** Wednesday, September 23, 2020 9:56 AM
**To:** Debra Williams <Debra_Williams@ared.uscourts.gov>; Kathy Butler <kathy@butlerharris.com>; Schoonmaker, Linda <LSchoonmaker@seyfarth.com>; Tracy Washington <Tracy_Washington@ared.uscourts.gov>
**Cc:** Wadsworth, Brian <bawadsworth@seyfarth.com>; Carty, Robert J. <RCarty@seyfarth.com>; tngarlan@up.com; Lena A. Waterkotte <LAWATERKOTTE@up.com>; becca@lawmgk.com; Judy Nelson (judy@lawmgk.com) <judy@lawmgk.com>
**Subject:** Re: Hopman v. Union Pacific

**[EXT. Sender]**

Good morning to all. In order to facilitate Judge Baker's review of UP's objections to



deposition testimony, we attach actual transcripts of the testimony that we propose to offer. These are for the four higher priority witnesses. The parts that have X over them are those portions we have withdrawn as a result of UP's objections. We previously emailed the entire deposition transcripts of the witnesses, so these only include the direct examination that we intend to present. Mr. Bombeck's offer is highlighted on the full transcript. Hopefully this will assist in comparing the actual questions and answers with UP's objections and Hopman's response. We also have video files of these witnesses and can share those as well if that's helpful. Thanks. John and Kathy

Ms. Williams, the parties have conferred on the four witnesses whose deposition testimony is a high priority. Union Pacific is standing on all of its objections to all four witnesses, but is reviewing certain objections to Mr. Everett's testimony, and will advise in the morning if any objections are withdrawn. The parties remain divided on the relevance of UP's experience with Mr. Birchfield and Jack, and its experience with its K-9 dog program. Many of the Birchfield and Bombeck objections are on the grounds that those subjects are off limits. We also are divided on whether or not the questions about how UP understood its accommodation duties under its policies and the ADA are relevant. We hope that resolving the objections won't take long since each of these four offers is less than an hour and two are less than half an hour.

That leaves us with Mr. Doerr's testimony. We have prepared to present his testimony by video since UP would not commit to bring him to trial. Belatedly, UP has advised us that it will bring him live at the beginning of the trial. Ms. Schoonmaker takes the position that since she recently shared that he would be present for the entire trial, presumably as UP's company representative, we ought not to present his video testimony. Mr. Doerr was UP's designee on the vast majority of Rule 30b6 topics, and stated UP's position on those topics. None of those positions have been supplemented.

However, when Hopman moved in limine to prohibit any ambush by new positions or contradictions that were not supplemented, UP objected and would not agree not to contradict UP's testimony on the topics or otherwise ambushing Hopman with different or new positions. Since Doerr's testimony was as a 30(b)(6) witness who states the corporation's position, we believe this is a very serious matter. Accordingly, rather than call him live and risk being ambushed with unsupplemented information on the topics, we decided to let the jury hear his testimony in a way that he, on behalf of the corporation, cannot attempt to end run the rules of supplementation. Assuming that the Court will instruct UP not to attempt to unleash unsupplemented positions and information, then UP could still call him in its case in chief, but the risk of ambush would be smaller since the jury will have already heard his testimony. This is an unusual situation, but there is case law that holds that under the Rules, a corporate designee can be called by video testimony even if the witness is present in the courtroom. In a scholarly opinion, Judge Bennett applied Rule 30(b)(6) and Rule 32(a)(3) and held that the rules, by their plain terms, permit a party to call the witness by video even if they are in the courtroom. *See Estate of Thompson v. Kawasaki Heavy Industries, Ltd.,* 291 F.R.D. 297,301-306, 85 Fed.R.Serv.3d 219, 90 Fed. R. Evid. Serv. 1257 (N.D. Ia. 2013). The Court also enforced the rule against corporate designees attempting to retreat from admissions without having supplemented the responses, citing some of the cases we cited in our motion in limine on this subject.

All that said, we want to be sensitive to the Court's view regarding the most efficient manner of presenting this witness's testimony during our case in chief. We are well satisfied with his testimony from his deposition, and think that a conversation with Judge Baker and UP's counsel would help us identify the best option for presenting Mr. Doerr's testimony, if UP intends to lodge an objection to us presenting his video testimony. If the Court feels that we should call him live, we will do so, but what we don't want to see happen is Mr. Doerr attempting to change or alter the company's testimony or positions that have not been supplemented. While we don't contend that they are judicial admissions, they still must be supplemented before trial, in our respectful but firm view. We had briefed this issue in our motion in limine, but UP ignored the cases cited and only responded by arguing that it could not understand what contradict means and that its perception of contradict is different from our own. In any event, this issue is one that the Court can surely assist the parties in resolving. Thanks. John and Kathy

Hi all. One other piece of information for Judge Baker and everyone's convenience. The length of our video testimony of each of the four priority witnesses is as follows:

Mr. Bombeck---20 minutes

Mr. Everett---40 minutes

Mr. Birchfield---50 minutes

Ms. Genglar---27 minutes

John and Kathy

Thanks for the email, Ms. Williams. In terms of priority, we think that the following four witnesses's testimony are high priority in terms of resolving UP's objections: Mr. Bombeck, Mr. Everett, Ms. Genglar and Mr. Birchfield. We appreciate Ms. Schoonmaker's willingness to confer with us about these and other issues at 430, and we will attempt to work out disagreements at that time and will report back with our progress after we confer. Thanks again. John and Kathy

On 9/22/2020 1:16 PM, Debra Williams wrote:

Counsel:

Thank you for your emails. If counsel are able to confer this afternoon, the Court would appreciate an update from the parties regarding deposition designations. It would be helpful to the Court to know from the parties

which deposition designations are a priority for each side's case so that that the Court may rule on those designations and objections first. Based upon your emails, the Court understands that it should begin its review with the deposition designations for Doerr, Everett, Bombeck and Gengler. Please advise.

Debra L. Williams
Law Clerk to the Honorable Kristine G. Baker
U.S. District Court, Eastern District of Arkansas
500 West Capitol Avenue, Room D444
Little Rock, Arkansas 72201
debra_williams@ared.uscourts.gov
(501) 604-5423

---

**From:** Kathy Butler <kathy@butlerharris.com>
**Sent:** Tuesday, September 22, 2020 12:57 PM
**To:** Schoonmaker, Linda (LSchoonmaker@seyfarth.com)
<LSchoonmaker@seyfarth.com>; Debra Williams
<Debra_Williams@ared.uscourts.gov>; Tracy Washington
<Tracy_Washington@ared.uscourts.gov>
**Cc:** Wadsworth, Brian <bawadsworth@seyfarth.com>; Carty, Robert J.
<RCarty@seyfarth.com>; tngarlan@up.com; Lena A. Waterkotte
<LAWATERKOTTE@up.com>; John Griffin (jwg@lawmgk.com) <jwg@lawmgk.com>;
becca@lawmgk.com; Judy Nelson (judy@lawmgk.com) <judy@lawmgk.com>
**Subject:** RE: Hopman v. Union Pacific

Linda – I will contact you at 4:30.  Kathy

---

**From:** Schoonmaker, Linda (LSchoonmaker@seyfarth.com)
[mailto:LSchoonmaker@seyfarth.com]
**Sent:** Tuesday, September 22, 2020 12:04 PM
**To:** Kathy Butler; Debra Williams (Debra_Williams@ared.uscourts.gov)
(Debra_Williams@ared.uscourts.gov); Tracy Washington
(Tracy_Washington@ared.uscourts.gov)
**Cc:** Wadsworth, Brian; Carty, Robert J.; tngarlan@up.com; Lena A. Waterkotte; John
Griffin (jwg@lawmgk.com); becca@lawmgk.com; Judy Nelson (judy@lawmgk.com)
**Subject:** RE: Hopman v. Union Pacific

Ms. Butler:

I apologize for the delay in scheduling a time to discuss deposition objections with you. If you think there is any opportunity for agreement to some of our objections to your deposition excerpts I am happy to schedule a call this afternoon at 4:30 pm.

We are planning on coming to Little Rock on Sunday for the trial. It would be difficult for me with my home situation to come earlier than that.

**Linda C. Schoonmaker** | Partner | Seyfarth Shaw LLP
700 Milam St. | Suite #1400 | Houston, Texas 77002-2812
Direct: +1-713-860-0083 | Fax: +1-713-821-0656
Board Certified by the Texas Board of Legal Specialization-Labor & Employment Law
My assistant Beverly Maxwell can be reached at (713) 238-1807
lschoonmaker@seyfarth.com | www.seyfarth.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Kathy Butler <kathy@butlerharris.com>
**Sent:** Tuesday, September 22, 2020 11:55 AM
**To:** Schoonmaker, Linda <LSchoonmaker@seyfarth.com>; Debra Williams (Debra_Williams@ared.uscourts.gov) (Debra_Williams@ared.uscourts.gov) <Debra_Williams@ared.uscourts.gov>; Tracy Washington (Tracy_Washington@ared.uscourts.gov) <Tracy_Washington@ared.uscourts.gov>
**Cc:** Wadsworth, Brian <bawadsworth@seyfarth.com>; Carty, Robert J. <RCarty@seyfarth.com>; tngarlan@up.com; Lena A. Waterkotte <LAWATERKOTTE@up.com>; John Griffin (jwg@lawmgk.com) <jwg@lawmgk.com>; becca@lawmgk.com; Judy Nelson (judy@lawmgk.com) <judy@lawmgk.com>
**Subject:** RE: Hopman v. Union Pacific


**[EXT. Sender]**

Good morning, all. We write to share logistics for our travel and lodging and contact information. We are able to arrive in Little Rock on Thursday or Friday, so if the Court would prefer us to be present on Friday, we can easily arrange this. Our team will be staying at the AC Hotel down the street from the courthouse. We have provided our cell numbers in the event that the Court, Debra and Tracy needs to find us.

Second, we are working with our video IT team to prepare the cuts for our examinations of four UP witnesses: Doerr, Everett, Bombeck and Gengler. UP has lodged many objections, but to this point, has not been willing to confer on them with us. We are prepared to discuss them with the Court if that is helpful, but we have logistical issues in getting the video files edited for presentation on Monday and Tuesday. Our respectful goal is to have this resolved in some manner before we depart for Little Rock. The Court's assistance in this regard would be greatly appreciated. We believe Judge Baker has our proposed testimony, UP's objections, our responses as well as the deposition transcript of each witnesses, and we can also discuss this on a phone call with the Court if

that's helpful.  Thanks.  Kathy and John

Contact Information:
Kathy Butler – 713-443-6456
John Griffin – 361-655-7745
Becca Shows – 361-676-0217

This email has been scanned by the Symantec Email Security.cloud
[security.cloud] service.
For more information please visit http://www.symanteccloud.com
[symanteccloud.com]

This email has been scanned by the Symantec Email Security.cloud
[security.cloud] service.
For more information please visit http://www.symanteccloud.com
[symanteccloud.com]

This email has been scanned by the Symantec Email Security.cloud [security.cloud]
service.
For more information please visit http://www.symanteccloud.com
[symanteccloud.com]

--


**John W. Griffin, Jr.**
Marek, Griffin & Knaupp
The McFaddin Building
203 N. Liberty Street
Victoria, Texas  77901
(361) 573-5500
(361) 573-5040 (facsimile)
www.lawmgk.com [lawmgk.com]




Legal Advocacy Subcommittee [diabetes.org]
American Diabetes Association

Committee on Pattern Jury Charges
Business, Consumer, Insurance and Employment



Board of Directors
Victoria Bach Festival Association [victoriabachfestival.org]

**Confidentiality Notice:** The information contained in this electronic mail message and any attachments is confidential and may contain proprietary information or be legally privileged. This information is intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.