**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

PERRY HOPMAN                                                                                                PLAINTIFF

v.                                        Case No. 4:18-cv-00074-KGB

UNION PACIFIC RAILROAD                                                  DEFENDANT

## ORDER

Before the Court is defendant Union Pacific Railroad's motion to present Pauline Weatherford by deposition (Dkt. No. 159). Plaintiff Perry Hopman has responded to Union Pacific's motion; Mr. Hopman objects to Union Pacific's motion in general and raises specific objections to the deposition designations for Ms. Weatherford (Dkt. Nos. 107, 164). Union Pacific has informed the Court that Mr. Hopman's objections are ripe for this Court's review and decision. For the reasons set forth below, the Court grants Union Pacific's motion to present Ms. Weatherford by deposition, grants Mr. Hopman's request to conduct an examination of Ms. Weatherford in his case-in-chief in the form attached to his response, and sustains in part and overrules in part Mr. Hopman's objections to Union Pacific's deposition designations for Ms. Weatherford (Dkt. Nos. 107; 159; 164, ¶ 8; 164-2).

    **I.**     **Union Pacific's Motion To Present Pauline Weatherford By Deposition**

In Mr. Hopman's objections to Union Pacific's deposition proffers, Mr. Hopman generally objected to Union Pacific presenting testimony by deposition of Pauline Weatherford (Dkt. No. 107, at 1). Mr. Hopman argued that Union Pacific had not established that certain witnesses, including Ms. Weatherford, are "unavailable" to testify at trial under Federal Rule of Civil Procedure 32(a)(4) (*Id.*). In its Order ruling on Mr. Hopman's objections, the Court stated that, based on the record before it, it was unclear to the Court on what grounds under Rule 32(a)(4)

Union Pacific was seeking to offer Ms. Weatherford's testimony by deposition, rather than live at trial (Dkt. No. 157, at 34-35). Consequently, the Court granted Mr. Hopman's motion to exclude the deposition testimony of Ms. Weatherford without prejudice to Union Pacific filing a motion to establish Ms. Weatherford's unavailability at trial under Federal Rule of Civil Procedure 32(a)(4).

Union Pacific has now filed a motion to present Ms. Weatherford's testimony by deposition. Federal Rule of Civil Procedure 32(a)(4)(B) provides that a party "may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B); *see also Fletcher v. Tomlinson*, 895 F.3d 1010, 1020 (8th Cir. 2018) (allowing deposition testimony of physician expert because he was more than 100 miles away from trial and there was no evidence that the party offering his testimony did not procure his absence).

As grounds for its motion, Union Pacific states that Ms. Weatherford lives and works in Houston, Texas, which is more than 400 miles from Little Rock, Arkansas, and will not otherwise be within 100 miles of Little Rock, Arkansas, at the time of the trial of this matter. There is no evidence in the record before the Court that Union Pacific procured Ms. Weatherford's absence.

Mr. Hopman states that Union Pacific previously stated that it would call Ms. Weatherford to testify live at trial, but, after the Court granted a continuance, it now "seeks to improve its position" (Dkt. No. 164, ¶ 1). Mr. Hopman appears to seek some further explanation of Ms. Weatherford's unavailability, but the Court does not read Rule 32(a)(4) or the relevant case law in this Circuit to require an additional explanation.[1]

---

[1] To the extent Mr. Hopman is relying on the criteria for a witness being unavailable set forth in Federal Rule of Evidence 804(a), the Eighth Circuit has ruled that Rule 804 is irrelevant

The Court overrules Mr. Hopman's objection to Union Pacific presenting Ms. Weatherford's testimony by deposition and grants Union Pacific's motion (Dkt. No. 159). *See* Fed. R. Civ. P. 32(a)(4)(B).

## II. Mr. Hopman's Motion To Examine Ms. Weatherford

Mr. Hopman requests that, if the Court is inclined to grant Union Pacific's motion to present Ms. Weatherford's testimony by deposition, he be allowed to "conduct a brief examination of the witness in his case-in-chief" (Dkt. No. 164, ¶ 8). Mr. Hopman has provided the Court with the portions of Ms. Weatherford's video deposition that he would like to present during his case-in-chief (Dkt. No. 164-2). The Court grants Mr. Hopman's request. Portions of Mr. Hopman's request include objections interposed by counsel. The Court encourages counsel to confer with one another about these objections and to seek rulings from the Court, if necessary.

## III. Mr. Hopman's Specific Objections To Ms. Weatherford's Deposition Testimony

### A. Misleading Fragments

Mr. Hopman objects to Union Pacific's designation of portions of Ms. Weatherford's deposition at page 10, lines 3 through 22; page 107, lines 14 through 17; and page 131, lines 15 through 20, where there are answers without the associated questions or with only part of the answer designated (Dkt. No. 107, at 2). Mr. Hopman contends this is confusing and prejudicial (*Id.* (citing Fed. R. Evid. 401, 403)).

The Court sustains Mr. Hopman's objections.

---

to the Court's analysis of the admission of deposition testimony under Rule 32(a)(4)(B). *Fletcher*, 895 F.3d at 1021.

3

## B. Lack Of Personal Knowledge

Mr. Hopman objects to Ms. Weatherford's testimony at page 18, lines 8 through 18; page 23, lines 13 through 18; page 25, lines 3 through 12; page 56, lines 4 through 10; page 77, lines 1 through 4; page 81, line 22 through page 82, line 18; and page 127, lines 17 through 23 claiming that this testimony is not within Ms. Weatherford's personal knowledge, which is a foundational requirement for admission of testimony (*Id.*, (citing Fed. R. Evid. 602, 401, 402)).

The Court sustains Mr. Hopman's objections to Ms. Weatherford's testimony at page 23, lines 13 through 18; page 25, lines 3 through 12; page 56, lines 4 through 10; page 77, lines 1 through 4; and page 81, line 22 through page 82, line 18. The Court overrules Mr. Hopman's objections to Ms. Weatherford's testimony at page 18, lines 8 through 18; and page 127, lines 17 through 23.

## C. Testimony Or Speculation About Safety Or Direct Threat

Mr. Hopman objects generally to speculation or testimony about safety or direct threat since that issue is not in the case (*Id.*, (citing Dkt. No. 103, Fed. R. Evid. 401, 403)). Mr. Hopman objects specifically to Ms. Weatherford's testimony at page 74, lines 5 through 6.

The affirmative defense of direct threat was not timely asserted by Union Pacific, and the Court did not permit Union Pacific to amend its filings to include this affirmative defense (Dkt. No. 133). Union Pacific is not permitted to argue or assert this unpled affirmative defense at the trial of this matter for the reasons explained in this Court's Order, and the Court will not instruct on this unpled affirmative defense at trial. As to Ms. Weatherford's testimony about safety, the Court rules that Ms. Weatherford's testimony at page 74, lines 5 through 6 is about safety generally, not specifically the unpled affirmative defense of direct threat, and the Court overrules Mr. Hopman's objection.

### D. Settlement Discussions

Mr. Hopman objects generally to Union Pacific inserting settlement discussion in this case and specifically objects to Ms. Weatherford's testimony at page 99, line 17 through page 100, line 6 (*Id.*, at 3). The Court granted Mr. Hopman's motion *in limine* to exclude testimony regarding settlement discussions (Dkt. No. 157, at 17). The Court sustains Mr. Hopman's objection to Ms. Weatherford's testimony at page 99, line 17 through page 100, line 6 (Dkt. No. 107, at 3).

## IV. Conclusion

The Court grants Union Pacific's motion to present Pauline Weatherford by deposition (Dkt. No. 159). The Court grant's Mr. Hopman's request to present portions of Ms. Weatherford's video deposition during his case in chief (Dkt. No. 164-2). Consistent with the terms of this Order, the Court sustains in part and overrules in part Mr. Hopman's objections to Ms. Weatherford's designated deposition testimony (Dkt. No. 107, at 2-3).

So ordered this 8th day of July, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge