**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 6 2021

TAMMY H. DOWNS, CLERK
By: _____ *mw*
DEP CLERK

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**INSTRUCTION NO. 2**

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

**INSTRUCTION NO. 3**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider the witness' intelligence, the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether that witness said something different at an earlier time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness' testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether contradiction is an innocent mis-recollection, or lapse of memory, or an intentional falsehood; and that may depend on whether it has to do with an important fact or only a small detail.

**INSTRUCTION NO. 4**

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."   That is a stricter standard than "more likely true than not true."    It applies in criminal cases, but not in this civil case; so put it out of your mind.

**INSTRUCTION NO. 5**

In considering the evidence in this case, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in light of your own observations and experiences in the affairs of life.

## INSTRUCTION NO. 6

You have heard testimony from expert witnesses who testified to their opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony.  You may accept it or reject it and give it the weight you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in the case.

**INSTRUCTION NO. 7**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including individuals, corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 8

Plaintiff Perry Hopman and defendant Union Pacific Railroad have stipulated – that is, they have agreed – that certain facts exist.  You should, therefore, treat those facts as having been proved.

(1)     Mr. Hopman has Post Traumatic Stress Disorder ("PTSD"), which is an impairment;

(2)     Mr. Hopman is qualified for his conductor job; and

(3)     Mr. Hopman timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and timely brought this suit after the EEOC issued him a right to sue letter.

**INSTRUCTION NO. 9**

Testimony has been presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial.  The deposition testimony offered was electronically video recorded and that recording was played for you.  You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testified in Court in person.

## INSTRUCTION NO. 10

Plaintiff Perry Hopman claims that defendant Union Pacific Railroad failed to reasonably accommodate his disabilities.  Union Pacific Railroad denies those allegations.

Plaintiff Perry Hopman has the burden of proving each of the following elements:

First, Mr. Hopman has or had Post Traumatic Stress Disorder and/or traumatic brain injury.

Second, Mr. Hopman's impairment or impairments substantially limited any major life activity of Mr. Hopman; and

Third, Union Pacific Railroad knew of Mr. Hopman's impairment or impairments; and

Fourth, allowing Mr. Hopman his requested accommodation was (1) reasonable and (2) a modification or adjustment to enable Mr. Hopman with a disability to enjoy equal benefits and privileges of employment as are enjoyed by Union Pacific Railroad's other similarly situated employees without disabilities; and

Fifth, Union Pacific Railroad failed to allow Mr. Hopman his requested accommodation and failed to provide any other reasonable accommodation.

## INSTRUCTION NO. 11

You are instructed that in determining whether plaintiff Perry Hopman's impairment or impairments substantially limits a major life activity of Mr. Hopman you should compare Mr. Hopman's ability of caring for oneself, concentration, thinking, neurological and brain function, and sleeping with that of the average person.  In doing so, you may consider the conditions under which Mr. Hopman performs these functions; the manner in which Mr. Hopman performs these functions; and the length of time it takes Mr. Hopman to perform these functions.

It is not the name of an impairment or a condition that matters, but rather the effect of an impairment or condition on the life of a particular person.

A "major life activity" includes, but is not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating and working.  A "major life activity" also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine and reproductive functions.

An impairment that is episodic in nature is a disability if it would substantially limit a major life activity when active.  Thus, the determination of whether an impairment substantially limits a major life activity must be made without regard to the ameliorative effects of mitigating measures, such as:

1. medication, medical supplies, equipment or appliances, low-vision devices (not including ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies;

2.   use of assistive technology;

3.   reasonable accommodations or auxiliary aids or services (*e.g.,* interpreters,

    readers, or acquisition or modification of devices);

4.   learned behavioral or adaptive neurological modifications.

**INSTRUCTION NO. 12**

You are instructed that an accommodation is any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities.

Reasonable accommodation may include such things as making existing facilities used by employees readily accessible to and usable by individuals with disabilities; job restructuring, part-time, or modified work schedules; reassignment to a vacant position; acquisition or modification of equipment or devices; appropriate adjustment or modifications or examinations; training materials or policies; the provision of qualified readers or interpreters; and other similar accommodations for individuals with disabilities.

Reasonable accommodation is one that could reasonably be made under the circumstances. An employer is not obligated to provide an employee the accommodation he or she requests or prefers. The employer need only provide some reasonable accommodation. An accommodation is not reasonable if it does not effectively treat or mitigate the plaintiff Perry Hopman's limitations on a major life activity or activities.

**INSTRUCTION NO. 13**

Once an employee makes a request for accommodation, the parties are required to engage in an "interactive process" to determine what precise accommodations are necessary.  This means that the employer should first analyze the relevant job and the specific limitations imposed by the disability and then, in consultation with the individual, identify potential effective accommodations.  In essence, the employer and the employee must work together in good faith to help each other determine what accommodation is necessary.

## INSTRUCTION NO. 14

Defendant Union Pacific Railroad asserts the affirmative defense of undue hardship. Plaintiff Perry Hopman denies those allegations.

Defendant Union Pacific Railroad has the burden of proving that providing Mr. Hopman's requested accommodation would cause an undue hardship on the operation of Union Pacific Railroad's business.

The term "undue hardship," as used in these instructions, means an action requiring Union Pacific Railroad to incur significant difficulty or expense when considered in light of the following:

(1)     the nature and cost of the requested accommodation; and

(2)     the overall financial resources of the facility involved in the provision of the requested accommodation, the number of persons employed at such facility, and the effect on expenses and resources; and

(3)     the overall financial resources of the defendant; and

(4)     the overall size of the business of the defendant with respect to the number of its employees and the number, type, and location of its facilities; and

(5)     the type of operation of the defendant, including the composition, structure, and functions of the workforce; and

(6)     the impact of the requested accommodation on the defendant's operation, including the impact on the ability of other employees to perform their duties and the impact on the defendant's ability to conduct business.

**INSTRUCTION NO. 15**

Defendant Union Pacific Railroad asserts the affirmative defense of violation of federal law or regulation.  Plaintiff Perry Hopman denies those allegations.

Defendant Union Pacific Railroad has the burden of proving that providing Mr. Hopman's requested accommodation would be prohibited by 49 C.F.R. § 229.119(c), which states that "[f]loors of cabs, passageways, and compartments shall be kept free from oil, water, waste or any obstruction that creates a slipping, tripping or fire hazard."

**INSTRUCTION NO. 16**

If you find in favor of plaintiff Perry Hopman then you must award Mr. Hopman such sum as you find will fairly and justly compensate Mr. Hopman for any emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and out-of pocket damages you find Mr. Hopman sustained as a direct result of defendant Union Pacific Railroad's failure-to-accommodate Mr. Hopman.

**INSTRUCTION NO. 17**

If you find in favor of plaintiff Perry Hopman, but you do not find that Mr. Hopman's damages have monetary value, then you must return a verdict for Mr. Hopman in the nominal amount of One Dollar ($1.00).

**INSTRUCTION NO. 18**

If you find in favor of plaintiff Perry Hopman and if you find against defendant Union Pacific Railroad on the affirmative defense of undue hardship and violation of federal law or regulation, then you must decide whether defendant Union Pacific Railroad acted with malice or reckless indifference to Mr. Hopman's right to receive a reasonable accommodation. Union Pacific Railroad acted with malice or reckless indifference if it has been proved that Union Pacific Railroad knew that the failure to accommodate Mr. Hopman was in violation of the law prohibiting disability discrimination or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that Union Pacific Railroad made a good-faith effort to comply with the law prohibiting disability discrimination.

If it has been proved that Union Pacific Railroad acted with malice or reckless indifference to Mr. Hopman's rights and did not make a good faith effort to comply with the law, then, in addition to any other damages to which you find Mr. Hopman entitled, you may, but are not required to, award Mr. Hopman an additional amount as punitive damages for the purposes of punishing Union Pacific Railroad for engaging in such misconduct and deterring Union Pacific Railroad and others from engaging in such misconduct in the future. You should presume that Mr. Hopman has been made whole for his injuries by the compensatory damages awarded.

In determining whether to award punitive damages, you should consider whether Union Pacific Railroad's conduct was reprehensible. In this regard, you may consider whether the harm suffered by Mr. Hopman was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether Union Pacific Railroad's conduct that harmed Mr. Hopman also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Mr. Hopman.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How much harm Union Pacific Railroad's wrongful conduct caused Mr. Hopman. You may not consider harm to others in deciding the amount of punitive damages to award.

2. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Union Pacific Railroad's financial condition, to punish Union Pacific Railroad for its wrongful conduct toward Mr. Hopman and to deter Union Pacific Railroad and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Mr. Hopman.

## INSTRUCTION NO. 19

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.    That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.   But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.    You are judges – judges of the facts.    Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.    Give the note to the court security officer, and I will answer you as soon as I can, either in writing or here in court.    While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.    The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case.  The form reads: (read form). You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it,  and tell the court security officer that you are ready to return to the  courtroom.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PERRY HOPMAN**                                                                **PLAINTIFF**

**v.**                              **Case No. 4:18-cv-00074-KGB**

**UNION PACIFIC RAILROAD**                                        **DEFENDANT**


**VERDICT:  Question One**

Do you find from a preponderance of the evidence:

    **1.**      **That plaintiff Perry Hopman had or has traumatic brain injury?**


Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.

Please, go to the next question.


_____                    _____
Foreperson                                                                Date

**VERDICT:  Question Two**

Do you find from a preponderance of the evidence:

**2.      That plaintiff Perry Hopman's impairment  or impairments substantially limited his ability to engage in a major life activity or activities?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 2 is "No," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "Yes," go to the next question.

_____          _____
Foreperson                                                      Date

## **VERDICT:  Question Three**

Do you find from a preponderance of the evidence:

3.      **That defendant Union Pacific Railroad knew of plaintiff Perry Hopman's**

**impairment or impairments?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 3 is "No," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "Yes," go to the next question.

_____            _____
Foreperson                                                                       Date

**VERDICT:  Question Four**

Do you find from a preponderance of the evidence:

**4.A.    That plaintiff Perry Hopman's requested accommodation was reasonable?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 4.A. is "No," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "Yes," go to the next question 4.B.

_____          _____
Foreperson                                                          Date

Do you find from a preponderance of the evidence:

**4.B.    That plaintiff Perry Hopman's requested accommodation was a modification or adjustment to enable Mr. Hopman with a disability to enjoy equal benefits and privileges of employment as are enjoyed by defendant Union Pacific Railroad's other similarly situated employees without disabilities?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 4.B. is "No," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "Yes," go to the next question.

_____          _____
Foreperson                                                          Date

**VERDICT:  Question Five**

Do you find from a preponderance of the evidence:

**5.A.    That defendant Union Pacific Railroad failed to allow plaintiff Perry Hopman his requested accommodation?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 5.A. is "No," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "Yes," go to the next question 5.B.


_____          _____
Foreperson                                                          Date


Do you find from a preponderance of the evidence:

**5.B.    That defendant Union Pacific Railroad failed to provide plaintiff Perry Hopman with any other reasonable accommodation?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 5.B. is "No," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "Yes," go to the next question.


_____          _____
Foreperson                                                          Date

## **VERDICT:  Question Six**

Do you find from a preponderance of the evidence:

6. **That allowing plaintiff Perry Hopman his requested accommodation would constitute an undue hardship on defendant Union Pacific Railroad?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 6 is "Yes," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "No," go to the next question.

_____                              _____
Foreperson                                                                                          Date

## **VERDICT:  Question Seven**

Do you find from a preponderance of the evidence:

7.    **That allowing plaintiff Perry Hopman his requested accommodation would be prohibited by a federal law or regulation?**

Answer Yes or No  _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 7 is "Yes," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "No," go to the next question.

_____                    _____
Foreperson                                                                    Date

**<u>VERDICT:  Question Eight</u>**

Do you find from a preponderance of the evidence:

8.       **That defendant Union Pacific Railroad made a good faith effort and consulted with plaintiff Perry Hopman to identify and make a reasonable accommodation?**

Answer Yes or No _____

When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 8 is "Yes," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If your answer is "No," go to the next question.

_____          _____
Foreperson                                                       Date

**VERDICT:  Question Nine**

Do you find from a preponderance of the evidence:

9.      **That plaintiff Perry Hopman should be awarded compensatory damages in the following amount?**


$_____

(Please write in the amount, the nominal amount of $1.00, or none)


When you answer this question, please have your foreperson sign and date this verdict form.  If your answer to Question 9 is "none," this ends your deliberations, and your foreperson should contact the Court Security Officer.  If you wrote in an amount or the nominal amount of $1.00, please go to the next question.


_____          _____

Foreperson                                                          Date

## **VERDICT:  Question Ten**

Do you find from a preponderance of the evidence:

**10.     That punitive damages should be assessed against defendant Union Pacific**

   **Railroad in the following amount?**


$_____

   (Please write in the amount)

When you answer this question, please have your foreperson sign and date this verdict form.  This

ends your deliberations and your foreperson should contact the Court Security Officer.


_____                    _____
Foreperson                                                                        Date