UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **PERRY HOPMAN** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action Number: 4:18-cv-74-KGB |
| | § | |
| **UNION PACIFIC RAILROAD** | § | |
| **Defendant.** | § | |

**Plaintiff's Motion for Equitable Relief**

Plaintiff Perry Hopman respectfully asks this Court to grant him equitable relief.

**Introduction**

Once a jury has found unlawful discrimination (here, the denial of an accommodation), the role of the Court is to implement the jury's verdict and eradicate such discrimination. The Supreme Court teaches that the Court's responsibility is to place the victim in the position he would be in if the unlawful discrimination had never occurred. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975). When Congress established remedies for employment discrimination, it gave district courts a directive "to fashion the most complete relief possible" to eradicate the effects of unlawful discrimination. *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 763-64 (1976) (*citing* 118 Cong.Rec. 7166, 7168 (1972)). The Eighth Circuit has long recognized that a judgment should make persons whole for injuries suffered on account of unlawful employment discrimination. *See, e.g., Hameed v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, Local Union No. 396*, 637 F.2d 506, 522 (8th Cir.1980).

1

Equitable relief for violations of the Americans with Disabilities Act is governed by Title VII, 42 U.S.C. § 2000e–5(g). See 42 U.S.C. § 12117, which empowers the courts to "enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, ... any other equitable relief as the court deems appropriate." 42 U.S.C. 2000e-5g(1). Clearly, the requested accommodation the jury found reasonable fits squarely within the statute's broad mandate.

Here, the jury found that Hopman's requested accommodation was reasonable. (Dkt. 182; 184). Likewise, the jury rejected Union Pacific's affirmative defenses. This is not a case that involves concepts such as front pay versus reinstatement, or a pattern of gender-based or disability-based harassment. The violation of the Act was the denial of the requested accommodation and, under established law, that verdict should be implemented in the form of a judgment requiring the defendant to grant the accommodation. Alternatively, the verdict can be implemented in the form of a judgment prohibiting the defendant from denying the accommodation any longer. Should this Court reject Union Pacific's request for judgment as a matter of law, the Court should contemporaneously enter a judgment on the verdict – one that requires the accommodation that the jury found reasonable and appropriate.

**Equitable Relief For This Plaintiff**

In order to implement the findings of the jury, and make Hopman whole, Union Pacific should be ordered to grant the accommodation forthwith, and to work in good faith with Hopman to implement the accommodation. This Court should, as other courts have done, retain jurisdiction in order to insure that the terms of the judgment are implemented.

After all, the historic purpose of civil rights laws is to "secure complete justice," and

justice cannot be complete unless Hopman receives the benefit of the accommodation that was denied him unlawfully and that a jury held was reasonable. *Albemarle* , 422 U.S. at 418-19 . "[T]he general rule is, that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury." *Id.* (internal cites omitted). Under established Eighth Circuit law, the remedy must comply with the jury's findings. *See Cleverly v. Western Electric Co.*, 450 F.Supp. 507, 511 (W.D.Mo.1978), *aff'd,* 594 F.2d 638 (8th Cir.1979).

The jury has found that Union Pacific owes this accommodation to Hopman. It so found on an evidentiary record that is discussed in the briefing regarding Union Pacific's motion for judgment as a matter of law. (Dkt. 196). Since the jury's verdict is amply supported by the record and the case law, it must be implemented. As the Eighth Circuit held in *Gibson v. Mohawk Rubber Co.,* 695 F.2d 1093 (8th Cir. 1982), in fashioning equitable relief, a court is not free to disregard or take any action inconsistent with jury findings and "cannot base its decision on its own factual findings that conflict with those expressly made by the jury." 695 F.2d at 1101.

In the *Gibson* case, the Court cited *Cleverly's* holding that a "jury verdict was *res judicata* for the purposes of the equitable claim for reinstatement." *Id.*   That case involved wrongful termination, while this case involves a discrete accommodation, but the result is the same. The jury's verdict is *res judicata* on the issue of the accommodation owed to Hopman.

The Supreme Court has recognized that a district court "has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Albemarle*, 422  U.S. at 418.  Once discrimination is established, the Court has the power and the duty to issue injunctive relief. *Briscoe v. Fred's Dollar Store,* 24 F.3d 1026, 1028 (8th Cir. 1994).

Although this case was hotly contested, the only real issues are whether the accommodation was reasonable and whether Union Pacific could prove its affirmative defenses. The proper outcome here is a judgment that does no more and no less than comply with the verdict by requiring that Union Pacific to permit the accommodation it has opposed for far too long.[1]

## Injunctive Relief

The remedies provision of Title VII provides the necessary authority for the relief Hopman seeks. The Eighth Circuit has recognized that statutes often provide the authority for injunctive relief, and in such cases, the Eighth Circuit has dispensed with the elements traditionally associated with equitable relief under the common law. *See, e.g., Bank One, Utah v. Guttau*, 190 F.3d 844, 847-48 (8th Cir. 1999). This case appears to be such a case, in view of the language of the ADA and Title VII. But injunctive relief is also required under the common law analysis.

In the Eighth Circuit, traditional injunctive relief is governed by four elements. However, after a trial on the merits, the element addressing likelihood of success on the merits drops out, since the party seeking relief has already prevailed. *See Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998). As the Court explained:

> Once a party has demonstrated actual success on the merits, the court must balance three factors to determine whether injunctive relief is appropriate: (1) the threat of

---

[1] Few ADA cases boil down to whether or not a service dog will be permitted as an accommodation, but one did, albeit in a public access accommodation case. *See Johnson v. Gambrinus Corp./Spoetzl Brewery*, 1995 WL 584043 (S.D.Tex 1995), *aff'd* 116 F.3d 1052 (5th Cir. 1997). The district court, after a non jury trial on the merits, ordered the brewery to permit service dogs and retained jurisdiction to implement the order. The Fifth Circuit affirmed.

> irreparable harm to the movant; (2) the harm to be suffered by
> the nonmoving party if the injunction is granted; and (3) the
> public interest at stake.

143 F.3d at 472. The remaining factors compel an order implementing the accommodation. First, there is the irreparable harm of continued suffering and symptoms of a disability, and the issue of preventable flashbacks and migraine headaches while at work, and being denied an accommodation that Congress requires. Hopman was very clear about the immense pain he experiences each and every day.[2] Second, the jury has found that Union Pacific will suffer no harm if the accommodation is permitted. The experience of Paul Birchfield using a support animal on Union Pacific trains was part of the evidentiary record in this case. The jury rejected both of Union Pacific's affirmative defenses. And third, the public interest strongly supports vindication of the rights of those with disabilities, as Congress has directed. *See id.* (public interest served by accommodating disabilities). Under the facts of this case, and the statutory rights involved, the jury's verdict is quite nearly self effectuating, in the sense that under the statute, when a jury finds an accommodation reasonable and has rejected affirmative defenses, the accommodation is mandated. This Court should enter a judgment on the verdict that implements this accommodation.

---

[2] *See, e.g.*, P.Ex.41; Tr.III at 421-22; 445-448;.Tr. IV at 483.

## Conclusion

For the reasons stated, the plaintiff, Perry Hopman, asks this Court to enter judgment on the verdict and grant him equitable relief as outlined in this brief.

Respectfully submitted,

Katherine L. Butler
TX Bar No. 03526300
BUTLER & HARRIS
1128 Cortlandt St.
Houston, Texas 77008
Tel. 713-526-5677
Fax. 888-370-6038
kathy@butlerharris.com

John W. Griffin, Jr.
TX Bar No. 08460300
MAREK, GRIFFIN & KNAUPP
203 N. Liberty Street
Victoria, Texas 77901
Tel. 361-573-5500
Fax. 361-573-5040
jwg@lawmgk.com

Michael J. Neuerburg
TX Bar No. 24075562
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel. 319-366-7641
Fax. 319-366-1917
mneuerburg@spmblaw.com

## Certificate of Service

I certify that a true and correct copy of this document has been served upon the defendant through the electronic filing system of the Eastern District of Arkansas on September 1, 2021.

John W. Griffin, Jr.